UNITED STATES of America, Appellee,

v.

David M. GIBBS, Defendant–Appellant.

No. 760, 94–1332.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 5, 1995.

Decided June 22, 1995.

L. Randolph Amis, Burlington, VT (Wiener & Amis, P.C., of counsel), for defendant-appellant.

Charles R. Tetzlaff, U.S. Atty., D. Vt., Burlington, VT (David V. Kirby, Chief, Crim. Div. and John P. Tavana, Asst. U.S. Atty., of counsel), for appellee.

Before MAHONEY, LEVAL, and CALABRESI, Circuit Judges.

MAHONEY, Circuit Judge:

David M. Gibbs appeals from an amended judgment [1] entered May 23, 1994 in the United States District Court for the District of Vermont, Fred I. Parker, then-*Chief Judge,* [2] that extended the term of supervised release to which Gibbs had previously been sentenced by one year, pursuant to USSG § 7B1.3(a)(2), p.s., following Gibbs' violation of the terms of his release. Gibbs contends that because he had originally been sentenced to the maximum release term autho-

---

1. The initial judgment erroneously stated that Gibbs had pled guilty to violations of the conditions of his supervised release. It was amended to specify that he was found guilty after a hearing.

2. Chief Judge Parker was subsequently appointed a judge of the United States Court of Appeals for the Second Circuit.

rized by the Guidelines, the subsequent extension was improper under 18 U.S.C. § 3583(e)(2). For the reasons that follow, we disagree and affirm the amended judgment of the district court.

## Background

On February 16, 1990, Gibbs was convicted, following his guilty plea, of conspiracy to possess cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a), (b)(1)(C). He was sentenced by Judge Albert W. Coffrin to a jail term of twenty months and a five year term of supervised release, as well as the mandatory special assessment. The judgment provided that during the release period, Gibbs was prohibited from committing any crime or possessing illegal or controlled substances, and was required to enter a drug treatment program and to comply with the standard conditions of supervised release, including remaining within the judicial district unless authorized to depart by the court or his probation officer.

Gibbs completed his prison term on September 28, 1990, at which point his term of supervised release commenced. On May 11, 1994, Gibbs appeared before Chief Judge Parker for a hearing requested by the government, which alleged that Gibbs had violated his release conditions. The district court determined that Gibbs had travelled to New York City on March 11–12, 1994 without obtaining the appropriate authorization, and had been found in possession of two crack pipes on March 12, 1994.

According to USSG § 7B1.1(a)(3), p.s., such conduct constitutes a "Grade C" violation. Therefore, under USSG § 7B1.3(a)(2), p.s., "the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." Under the revocation option, Gibbs, whose criminal history category had been set at level II by Judge Coffrin, would have been sentenced to four to ten months imprisonment, in the absence of any departure from the specified range. *See* USSG §§ 7B1.3(b), p.s., 7B1.4, p.s. The district court chose, however, not to send Gibbs back to prison, but instead elected to extend his supervised release term by one year. Chief Judge Parker concluded that 18 U.S.C. § 3583(e)(2) authorized extension of the term, and that to the extent the Guidelines were pertinent, the circumstances of Gibbs' violation warranted a departure.

Despite the apparent lenity of this resolution, Gibbs appeals this decision.

## Discussion

18 U.S.C. § 3583(e) provides the statutory basis for the relevant Guidelines. It provides in pertinent part that with respect to modification or revocation of conditions of supervised release, a court

> may, after considering the factors set forth in [18 U.S.C.] section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5) and (a)(6)—
>
> . . . .
>
> (2) extend a term of supervised release *if less than the maximum authorized term was previously imposed,* and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release ...; [or]
>
> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release....

*Id.* (emphasis added).

█ This appeal is addressed to the emphasized language: "if less than the maximum authorized term was previously imposed." As noted earlier, Gibbs pled guilty to a violation of 21 U.S.C. § 841(b)(1)(C), which provides in pertinent part that: "Any sentence imposing a term of imprisonment under this paragraph shall ... impose a term of supervised release of at least 3 years in addition to such term of imprisonment...." The rule in this circuit is that in view of the "at least" language, no maximum term of supervised release is imposed by such a provision, and therefore that the statutory maximum term of supervision release is a life

**38**

term. *See United States v. Mora*, 22 F.3d 409, 412 (2d Cir.1994) (so ruling as to cognate provision of 21 U.S.C. § 841(b)(1)(B)); *United States v. Eng*, 14 F.3d 165, 171–73 (2d Cir.) (so ruling as to cognate provision of 21 U.S.C. § 841(b)(1)(A)), *cert. denied*, —— U.S. ——, 115 S.Ct. 54, 130 L.Ed.2d 13 (1994).[3]

Gibbs contends, however, that the "maximum authorized term" is the five-year maximum authorized by USSG § 5D1.2(a), which specifies that: "If a defendant is convicted under a statute that requires a term of supervised release, the term shall be at least three years but not more than five years, or the minimum period required by statute, whichever is greater." The government argues, on the contrary, that the "maximum authorized term" is the statutory, rather than the Guidelines, maximum, and in any event that the Guidelines range "could have been extended by way of an upward departure."

In the absence of any limitation in the statutory language, we are inclined to view the § 3583(e)(2) "maximum authorized term" as, in this case, the life sentence of supervised release whose imposition is authorized by § 841(b)(1)(C). In any event, the "maximum authorized term" of supervised release under the Guidelines is not the five years authorized by USSG § 5D1.2(a) with respect to the imposition of supervised release at the time of original sentencing. Rather, separate provisions of the Guidelines apply with respect to the imposition of sentence upon revocation of probation or supervised release. As previously noted, USSG § 7B1.3(a)(2), p.s. is the governing Guidelines provision, and authorized, in the case of Gibbs' Grade C violation of the conditions of his supervised release, revocation of his supervised release and renewed imprisonment, extension of the term of supervised release, or modification of its conditions.

█ Ranges are set for the imposition of imprisonment when probation or supervised release is revoked. *See* USSG § 7B1.4, p.s.

We have ruled not only that upward departures may be made from these ranges, but also that because the ranges are established by a policy statement, such departures may be made without " 'the explicit, detailed findings required when [a court] departs upward from a binding guideline.' " *United States v. Anderson*, 15 F.3d 278, 284 (2d Cir.1994) (quoting *United States v. Jones*, 973 F.2d 605, 607–08 (8th Cir.1992)). *A fortiori*, no binding upper limit is set regarding the imposition of an additional term of supervised release when conditions of release have been violated, because no range at all is established by the Guidelines with respect to such terms.

█ Thus, whether the focus is upon 21 U.S.C. § 841(b)(1)(C) or the relevant Guidelines provisions, the additional year of supervised release imposed upon Gibbs did not exceed the "maximum authorized term" within the meaning of 18 U.S.C. § 3583(e)(2).

## Conclusion

The amended judgment of the district court is affirmed.

---

**3.** Section 841(b)(1)(C) precludes Gibbs' argument that the "maximum authorized term" of supervised release is three years under 18 U.S.C. § 3583(b)(2), which states that: "Except as otherwise provided, the authorized terms of supervised release are— ... (2) for a Class C ... felony, not more than 3 years...." The Government's persuasive answer is that the "at least 3 years" of supervised release provided by § 841(b)(1)(C) for Gibbs' offense is an "otherwise provided" within the meaning of § 3583(b), thus nullifying the three-year limitation of § 3583(b)(2).