06-5379-cr
*USA v. McNaught*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand and ten.

PRESENT: AMALYA L. KEARSE,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                  *Appellee,*

         -v.-                                    06-5379-cr

ROBERT MCNAUGHT,

                  *Defendant-Appellant.*

_____

FOR APPELLANT:     ROLAND R. ACEVEDO, New York, NY

FOR APPELLEE:     PREET BHARARA, United States Attorney for the Southern District of New York (Christopher L. LaVigne, Katherine Polk Failla, Assistant United States Attorneys, *of counsel*) New York, NY.

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant, Robert McNaught ("Appellant"), appeals from a judgment entered on November 1, 2006, in the United States District Court for the Southern District of New York (Koeltl, *J.*) revoking Appellant's prior term of supervised release and sentencing him to a term of 30 months' imprisonment to be followed by a new term of five years' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.[1]

---

[1] Because Appellant failed to raise his present objection before the district court, we review his sentence for "plain error." *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). The "imposition of a sentence in violation of law would be plain error." *United States v. A-Abras Inc.*, 185 F.3d 26, 30 (2d Cir. 1999) (internal quotation marks omitted).

Appellant's sole claim on appeal is that the district court erred in reimposing a term of supervised release of five years after it revoked his initial term of supervised release and sentenced him to a term of 30 months' imprisonment. Appellant argues that the maximum term of supervised release applicable is five years less his term of 30 months' imprisonment. This argument is without merit.

Where a defendant violates the conditions of a term of supervised release, 18 U.S.C. § 3583(h) authorizes a court, subject to certain limitations, to revoke the original term of supervised release and impose a term of imprisonment to be followed by a new term of supervised release. "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.*

In the present case, 21 U.S.C. § 841(b)(1)(A) provided the original term of supervised release. We apply the version of the statute in effect at the time Appellant committed the offense. *See United States v. Smith*, 354 F.3d

3

171, 172—73 (2d Cir. 2003).[2]  At that time, 21 U.S.C. §

841(b)(1)(A) stated: "[a]ny sentence under this subparagraph

shall, in the absence of such a prior conviction, impose a

term of supervised release of at least 5 years in addition

to such term of imprisonment . . . ."  The lack of a stated

maximum term in § 841(b)(1)(A) authorizes a maximum term of

lifetime supervised release.  "The rule in this circuit is

that in view of the 'at least' language, no maximum term of

supervised release is imposed by such a provision, and

therefore that the statutory maximum term of supervision

release is a life term."  *United States v. Gibbs*, 58 F.3d

36, 37–38 (2d Cir. 1995) (construing 21 U.S.C. §

841(b)(1)(C), which contains the same "at least" language as

§ 841(b)(1)(A)).

Appellant argues that 18 U.S.C. § 3583(b) requires a

maximum five-year term of supervised release for Class A

felonies — which, by definition, includes a violation of 21

U.S.C. § 841(b)(1)(A).  *See* 18 U.S.C. § 3559(a)(1).

Appellant's statement of the law is incomplete.  18 U.S.C. §

---

[2]  According to the Indictment, Appellant's known narcotics related criminal activity occurred from about May 2001 through the time of his arrest on or about July 12, 2001.  We therefore look to the version of 21 U.S.C. § 841(b)(1)(A) in effect from February 18, 2000 to November 1, 2002.

3583(b) states: "[e]xcept as otherwise provided, the authorized terms of supervised release are . . . for a Class A . . . felony, not more than five years."  Based in part on the language, "[e]xcept as otherwise provided," this Court has held that § 841(b)(1)(A)'s minimum term of five years' supervised release supercedes § 3583(b)(1)'s maximum term. *See United States v. Eng*, 14 F.3d 165, 173 (2d Cir. 1994). Consequently, in *Eng*, where 21 U.S.C. § 841(b)(1)(A) (1988) provided the applicable term of supervised release, we held that the district court did not violate 18 U.S.C. § 3583(b) when it sentenced the defendant to a lifetime term of supervised release following his term of incarceration.[3]

---

[3]  We note that on November 2, 2002, between the time Appellant committed the underlying narcotics offense and the time of his sentencing for that offense on December 20, 2002, § 841(b)(1)(A) was amended to read in relevant part, "*Notwithstanding section 3583 of Title 18*, any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment . . . ." (emphasis added).  This amendment made explicit what this Court held in *United States v. Eng*, 14 F.3d 165, 173 (2d Cir. 1994), namely that the provision in § 841(b)(1)(A) that a term of supervised release must be "at least 5 years" trumps the general provision in 18 U.S.C. § 3583(b) that such a term must be "not more than five years."  Though it made § 841(b)(1)(A) explicit on this issue, this amendment does not change the fact that at the time Appellant committed the narcotics offense, the law in this Circuit was clear that the maximum lifetime term of supervised release authorized by § 841(b)(1)(A) was controlling.

In the present case, 18 U.S.C. § 3583(h) required the district court to subtract Appellant's term of 30 months' imprisonment from the maximum lifetime term of supervised release authorized by 21 U.S.C. § 841(b)(1)(A). The five-year term of supervised release the district court imposed is well within that range. Therefore, the district court did not err in imposing this term of supervised release.

We have considered all of Appellant's contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk