10-2210-cr
United States of America v. Martini (Cassesse)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2011

Argued: April 3, 2012          Decided: July 11, 2012

Amended: July 25, 2012

Docket No. 10-2210-cr

- - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,
         Appellee,

               v.

MICHAEL CASSESSE,
         Defendant-Appellant.[1]
- - - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, KATZMANN, and PARKER, <u>Circuit Judges</u>.

Appeal from the June 19, 2009, judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, District Judge), sentencing the Defendant for a racketeering conviction and for a violation of supervised release. The Defendant contends that twelve months of imprisonment imposed for the supervised release violation should have been subtracted from the lifetime term of supervised release also imposed for tht violation.

Affirmed.

Bradley W. Moore, New Haven, Conn. (James I. Glasser, Wiggin and Dana LLP, New Haven, Conn., on the brief), for Defendant-Appellant.

---

[1]The Clerk is directed to change the official caption.

Amy Busa, Asst. U.S. Atty., Brooklyn, N.Y. (Loretta E. Lynch, U.S. Atty. for the Eastern District of New York, Peter A. Norling, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for Appellee.

JON O. NEWMAN, <u>Circuit Judge</u>.

This appeal presents primarily the almost metaphysical issue of how, if at all, a lifetime term of supervised release, imposed for a supervised release violation, should be reduced by the number of months of a prison term imposed for that same violation, a subtraction we are willing to assume is required by the literal terms of the provisions governing supervised release. Defendant-Appellant Michael Cassesse appeals from the June 19, 2009, judgment of the District Court for the Eastern District of New York (Sandra L. Townes, District Judge) revoking his previous term of lifetime term of supervised release and sentencing him to a term of twelve months in prison followed by a renewed lifetime term of supervised release. We affirm.

Background

In 1987, Cassesse was convicted of conspiracy to distribute heroin and sentenced to five years' probation. In 1991, he was convicted of possession with intent to distribute more than 500 grams of heroin and sentenced to 87 months of imprisonment, a consecutive term of 87 months for violating his probation, and a lifetime term of supervised release, the maximum possible term of supervised release under the statute. <u>See</u> 21 U.S.C. § 841(b)(1)(B) (1991). One of the conditions of lifetime supervised release for the narcotics offense was that Cassesse refrain from new criminal conduct.

In 2007, while Cassesse was out of prison but continuing to serve his term of supervised release, he was indicted on several new charges, including racketeering in violation of 18 U.S.C. § 1962. Cassesse was subsequently charged with violating a condition of supervised release by committing a new crime. Following his guilty plea to the racketeering charge, the District Court sentenced Cassesse for both the racketeering conviction and the supervised-release violation.

Speaking with respect to the racketeering offense, Judge Townes noted that she had considered all of the submitted documents, all of the statements made by the defense, the United States Sentencing Guidelines ("the Guidelines"), and the factors enumerated by 18 U.S.C. § 3553(a), including the Defendant's history and characteristics, the nature of the crime committed, and the need for specific and general deterrence. Judge Townes noted that Cassesse's racketeering offense was a violation of his term of supervised release:

> He committed the crime to which he pled guilty [ i.e., racketeering] while serving . . . a term of supervised release. Mr. Cassesse's difficulties in life do not relieve him of his responsibilities for [the consequences of] continuing to commit crimes. [Yet] he does not seem inclined to stop. . . . I truly don't think Mr. Cassesse has fully accepted responsibility for his criminal conduct. I believe he's just been caught.

The District Court imposed a sentence of 90 months of imprisonment and three years of supervised release for the racketeering crime.

Judge Townes next turned to the violation of supervised release. At this point the parties presented to the Court a plea agreement, in

3

which Cassesse apparently agreed to plead guilty to the supervised release violation in exchange for the Government's recommendation that any additional prison term for that violation be served concurrently with the 90-month racketeering sentence. The parties agreed that the relevant advisory range for the supervised release violation was six to twelve months of imprisonment.

The District Court accepted Cassesse's guilty plea but rejected the parties' recommendation of a concurrent term, imposing instead a sentence of twelve months of imprisonment for the supervised release violation to run consecutively to the 90 month term for the racketeering conviction. Having revoked the previously imposed term of lifetime supervised release for the narcotics violation, the District Court then imposed a new lifetime term of supervised release.

Although Judge Townes provided no detailed explanation for the sentence for the supervised release violation, she stated, "I have reviewed everything." At the conclusion of the hearing, defense counsel objected to the lifetime term of supervised release but did not object either to the Court's failure to subtract the twelve month term of imprisonment from it or to the brevity of the Court's explanation of that term.

Discussion

A. Standard of Review

On appeal, sentences may be challenged for substantive and procedural reasonableness. See United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008). Cassesse argues on appeal that the lifetime

4

term of supervised release should somehow have been reduced by twelve months, which is a procedural objection. Although Cassesse did not specifically object in the District Court to the lack of a twelve month reduction, we will assume that his general objection to the length of the new lifetime term comprehended this point. Because this claim presents a question of statutory interpretation, we review the District Court's decision de novo. See United States v. Aleynikov, 676 F.3d 71, 76 (2d Cir. 2012).

Cassesse also complains that the District Court inadequately explained its reasons for the lifetime term, which is a procedural objection, and in the absence of any objection in the District Court, plain error review applies. See United States v. Villafuerte, 502 F.3d 204, 208, 211 (2d Cir. 2007) (holding that "rigorous" plain error analysis applies to unpreserved claims of procedural sentencing error under 18 U.S.C. § 3553(a) and (c)).[2]

B. Whether and How to Reduce the Lifetime Term of Supervised Release

Cassesse contends that the District Court erred when, after revoking his previously imposed term of lifetime supervised release for his narcotics offense, it imposed both twelve months of imprisonment and a new lifetime term of supervised release for the supervised release violation. More specifically, he contends that the

_____

[2]Although we have questioned the appropriateness of plain error review where a sentencing error allegedly increased a sentence, see United States v. Sofsky, 287 F.3d 122, 125-26 (2d Cir. 2002), we see no reason to weaken the plain error standard where a court has allegedly inadequately fulfilled a long-standing and uncomplicated procedural requirement of sentencing. See Villafuerte, 502 F.3d at 208, 211.

5

District Court was required by statute to deduct the former from the latter, limiting the supervised release term to something at least twelve months less than the "lifetime" maximum authorized for the narcotics violation for which his original term of supervised release was imposed.

Sentencing for a violation of supervised release is governed by 18 U.S.C. § 3583. The parties agree that the relevant form of section 3583 is the one that was in force in 1991, at the time that Cassesse was sentenced to his original lifetime term of supervised release. See United States v. Smith, 354 F.3d 171, 172 (2d Cir. 2003). The version of section 3583 in effect in 1991 provides in relevant part:

> The court may . . . revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release . . . .

18 U.S.C. § 3583(e)(3) (1991). The 1991 version is silent on the question of whether a renewed term of supervised release may be imposed in addition to a prison term as punishment for a supervised release violation. Interpreting this version of the statute, the Supreme Court in Johnson v. United States, 529 U.S. 694 (2000), concluded that a court may "revoke the release term and require service of a prison term equal to the maximum authorized length of a term of supervised release." id. at 705. Moreover, the Court added, because a term of supervised release "continues . . . after revocation even when part of it is served in prison, . . . the balance of it [] remain[s] effective as a term of supervised release when the

6

incarceration is over[.]" Id. at 706. As we have noted, section 841(b)(1)(B) provided for the original term of supervised release and authorized a maximum term of lifetime supervised release. In 1994, before Johnson was decided, but after Cassesse was sentenced, Congress amended the supervised release provisions to provide explicitly that a renewed term of supervised release may be imposed for a supervised release violation. See Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103–322, § 110505, 108 Stat. 1796, 2017, codified at 18 U.S.C. § 3583(h). The amending language not only authorized a renewed term of supervised release not to exceed the maximum allowable for the underlying violation, but also introduced the concept, relevant to this appeal, of a reduction of the maximum allowable term of supervised release by the length of time spent in prison for the supervised release violation. The amendment added section 3583(h), which provides:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (2012) (emphasis added).

Both parties agree, in effect, that once the Supreme Court ruled in Johnson that a renewed term of supervised release may be imposed for violations that occurred under the 1991 version of section 3583(e)(3), the imprisonment reduction concept of the later enacted

7

section 3583(h) should apply to such a renewed term. The Appellant reasons as follows:

> Under current law, "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h); see also USSG § 7B1.3(g)(2). The law in effect when Mr. Cassesse committed his narcotics offense is to the same effect, even though the underlying statutory basis is different. As the Supreme Court stated, under Section 3583(e):

>> [I]t is not a "term of imprisonment" that is to be served, but all or part of "the term of supervised release." But if "the term of supervised release" is being served, in whole or part, in prison, then something about the term of supervised release survives the preceding order of revocation.

> Johnson, 529 U.S. at 705. Thus, if some "part" of the term of supervised release is served in prison after a violation, then the "part" of the term that remains after that prison sentence is served is less than the whole, original release term.

> . . .

> Thus, the pre-1994 Section 3583(e) and the current Section 3583(h) are in accord on this point. That is, any reimposed supervised-release term must be reduced by the length of the prison term the defendant serves for the violation.

Brief for Appellant at 14-16 (footnote omitted).

The Government essentially reaches the same result by contending that although "the pre-1994 version of § 3583(e) did not require subtraction of the incarceratory sentence," it did require that "the combined term of supervised release and incarceration did not exceed the original term of supervised release." Brief for Appellee at 26. Thus, for example, if the prior term of supervised release was ten years and the period of incarceration for the violation was one year,

8

the only way the "combined term" could not exceed the original term is if the one year term of imprisonment is subtracted from the prior ten years of supervised release, yielding a maximum allowable renewed term of nine years.

The intriguing question is whether and how the prison term reduction concept applies to a renewed lifetime term of supervised release. The Government elides this question by converting the subtraction concept into an addition concept. It observes that although Cassesse's one year term in prison plus the renewed lifetime term of supervised release "may equal the original lifetime term of supervised release, they do not exceed it." Id.

Cassesse advances the subtraction concept and insists that his one year of imprisonment must somehow be subtracted from his lifetime term of supervised release. He suggests three techniques. First, he contends that the lifetime term should be abandoned in favor of a fixed term of years from which the one year term of imprisonment would be subtracted. See Brief for Appellant at 21. Second, he suggests that the lifetime term of supervised release should be converted to the corresponding offense level 43 in the Sentencing Table of the Sentencing Guidelines from which some appropriate reduction should be made, after which the reduced offense level would presumably be converted back into a term of years. Cf. United States v. Nelson, 491 F.3d 344, 349 (7th Cir. 2007) (affirming conversion of mandatory life sentence to offense level 43 and then reducing that level by 40 percent to reflect substantial assistance). Third, he suggests that

9

one year could be subtracted from his life expectancy at the time of sentencing.[3]

Intriguing as are the question and some possible answers to it, we conclude that the more appropriate course is simply to recognize that this is one of those rare situations where Congress did not expect the literal terms of its handiwork to be applied to a lifetime term of supervised release, even if we assume that the subtraction concept of section 3583(h) should be applied to a fixed term of supervised release imposed under the pre-1994 version of section 3583(e)(3). Cf. Holy Trinity Church v. United States, 143 U.S. 457, 472 (1892) (statute prohibiting prepayment of transportation of alien into United States to perform service of any kind held inapplicable to church's contract to bring resident of England to render service as rector and pastor, even though contract was "within the letter" of statute).

First, it is highly unlikely that Congress expected the subtraction concept to be applied to a lifetime term of supervised release. Second, even if a sentencing judge were to feel obliged to make a subtraction in some fashion, the judge could easily circumvent such a requirement by selecting a supervised release term of many years, 99 for example, and then imposing a term of "only" 98 years.

_____

[3]A variant of Cassesse's third suggestion was offered by the Seventh Circuit, in the context of a reduction for substantial assistance from a mandatory life sentence. That Court suggested making the substantial assistance reduction from 470 months, the average life expectancy of federal defendants at the time of sentencing, as determined by the United States Census Bureau. See Nelson, 491 F.3d at 349-50.

10

Third, use of the defendant's life expectancy would introduce a variable bearing little, if any, relation to penological purposes for defendants who outlive their life expectancy and would introduce reverse age discrimination.  We conclude that the unadjusted lifetime term of supervised release was not unlawful. See United States v. Rausch, 638 F.3d 1296, 1303 (10th Cir. 2011) ("Because it is impossible to predict the precise length of any individual's life, a [supervised release] sentence of 'life less two years[' imprisonment]' has only conceptual--not practical--meaning."). But see United States v. Shorty, 159 F.3d 312, 316 (7th Cir. 1998) ("[T]he maximum amount of supervised release possible would have been life minus the amount of imprisonment imposed during the sentencing for revocation"; no method of subtraction suggested).[4]

C. Explanation of Sentence

Cassesse contends that the District Court committed procedural error during the sentencing for his supervised release violation by failing to consider the statutory factors required by 18 U.S.C. § 3583(e) and by failing to explain the reasons for the sentence as required by 18 U.S.C. § 3553(c).  The statutory requirements are set

---

[4]We note that in a recent summary order, United States v. McNaught, 396 F. App'x 772 (2d Cir. 2010), our Court appeared to endorse Cassesse's argument. See id. at 774 (stating that section 3583(h) "required the district court to subtract Appellant's term of 30 months' imprisonment from the maximum lifetime term of supervised release"). That statement, made without considering whether or how such a subtraction should be made, was dictum; the holding was that a five-year term of supervised release was lawful.  In any event, the summary order in McNaught was non-precedential. See 2d Cir. I.O.P. 32.1.1.

11

out in the margin.[5]

The District Court's failure to explicitly consider the section 3553(a) factors does not rise to the level of plain error. "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing

[5]Section 3583(e) requires courts to "consider[]" a subset of the section 3553(a) factors, namely:

> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed--
> . . .
> (B)  to afford adequate deterrence to criminal conduct;
> (C)  to protect the public from further crimes of the defendant; and
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (4)  the kinds of sentence and the sentencing range established for--
> . . .
> (B)  in the case of a violation of . . . supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28 . . . ;
> (5)  any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced[;]
> (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Section 3553(c) provides:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence.

18 U.S.C. § 3553(c).

in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration [required by 18 U.S.C. § 3583(e)] has occurred." United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005). Here, there is every reason to believe that Judge Townes knew she had to consider, and did consider, the relevant statutory factors. She thoroughly considered nearly identical factors during her discussion of the racketeering conviction that resulted from the same criminal acts. During that discussion, moreover, she commented on Cassesse's supervised release violation and how that violation affected her overall assessment of the Defendant as an unremorseful repeat offender. Then, after turning specifically to the supervised release violation itself, in lieu of a detailed explanation she stated generally, "I have reviewed everything." Finally, the record shows that Judge Townes was aware of the appropriate policy statements and the relevant advisory terms of imprisonment.

The explanation requirement of section 3553(c) is also sufficiently satisfied to preclude a finding of plain error. Section 3553(c) requires no specific formulas or incantations; rather, the length and detail required of a district court's explanation varies according to the circumstances. See Villafuerte, 502 F.3d at 210. Where, as here, the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range , compliance with the statutory requirements can be minimal. See Verkhoglyad, 516 F.3d at 132–33 ("[A] court's statement of its reasons for going beyond non-binding policy statements in imposing a sentence

13

. . . need not be as specific as has been required when courts departed from [G]uidelines . . . ." (emphases original)); Villafuerte, 502 F.3d at 210 ("When the district court imposes a Guidelines sentence, it may not need to offer a lengthy explanation . . . ."). Furthermore, section 3553(c) has likely been satisfied when a court's statements meet the goals "of (1) informing the defendant of the reasons for his sentence, (2) permitting meaningful appellate review, (3) enabling the public to learn why the defendant received a particular sentence, and (4) guiding probation officers and prison officials in developing a program to meet the defendant's needs." Id.

The District Court adequately fulfilled its duties under the statute, and the error, if any, was not plain. First, Judge Townes briefly described some reasons for her supervised release violation sentence, stating that she would not reduce the sentence for Cassesse's cooperation because she had already given him credit for that in her racketeering sentence and noting that Cassesse differed from his co-defendants because he was the only one with a violation of supervised release. Second, and more importantly, Judge Townes's intertwined analysis of the supervised release violation and the racketeering crime clearly provided a sufficient explanation of the sentence she ultimately imposed for the violation.

United States v. Lewis, 424 F.3d 239 (2d Cir. 2005), upon which Cassesse principally relies, involved quite different circumstances. First, in Lewis the District Court imposed a sentence above that recommended by the relevant Sentencing Commission policy statements, triggering a higher descriptive obligation on the part of the District

14

Court.  <u>Id.</u> at 245; <u>see</u> 18 U.S.C. § 3553(c)(2) (requiring district court to provide "the specific reason for the imposition of a sentence different from that described" in the relevant policy statements or Guidelines).  Second, unlike in<u>Lewis</u>, Judge Townes provided a lengthy explanation, albeit one that technically occurred during the discussion of a different (but closely related) crime.

Conclusion

For the foregoing reasons, the judgment of the District Court is affirmed.