14-3660-cr
*United States v. Langston*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

  At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand fifteen.

PRESENT: JOSÉ A. CABRANES,
    DEBRA ANN LIVINGSTON,
    CHRISTOPHER F. DRONEY,
      *Circuit Judges.*

---

UNITED STATES OF AMERICA,

   *Appellee,*

    v.           No. 14-3660-cr

NATHANIEL C. LANGSTON,

   *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR NATHANIEL C. LANGSTON:** | Nathaniel C. Langston, *pro se*, White Deer, PA. |
| **FOR UNITED STATES OF AMERICA:** | Emily Berger, Kevin M. Trowel, Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY. |

  Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Nathaniel C. Langston, proceeding *pro se*, appeals from the District Court's September 29, 2014 judgment revoking his term of supervised release and imposing a 24-month term of imprisonment and a new three-year term of supervised release pursuant to 18 U.S.C. § 3583(e) and (h). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review sentences imposed for supervised release violations for substantive and procedural reasonableness. *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). A district court commits procedural error where it, for example, treats the Sentencing Guidelines as mandatory, does not consider the relevant factors under 18 U.S.C. § 3553(a), or rests its sentence on a clearly erroneous factual finding. *See United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). As to substantive reasonableness, we consider "whether the length of the sentence is reasonable in light of the factors outlined in . . . § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006).

Upon review of the record and relevant law, we conclude that the District Court's revocation of Langston's supervised release and imposition of a new term of imprisonment and supervised release was authorized by statute. *See* 18 U.S.C. § 3583(e)(3), (h); *United States v. Gibbs*, 58 F.3d 36, 37–38 & n.3 (2d Cir. 1995) (explaining that the three-year maximum authorized by § 3583(b)(2) does not apply to supervised release imposed for a violation of 21 U.S.C. § 841(b)(1)(C), which provides for up to a life term of supervised release); *see also Lopez v. Terrell*, 654 F.3d 176, 178 (2d Cir. 2011) (explaining that "credit" for time served under 18 U.S.C. § 3585(b) applies only if "presentence custody 'has not been credited against another sentence'" (quoting 18 U.S.C. § 3585(b))). Section 3584(c), which addresses the treatment of multiple terms of imprisonment imposed at the same time, does not apply to Langston's post-revocation sentence. *See* 18 U.S.C. § 3584(c).

## CONCLUSION

We have considered all of the arguments raised by Langston on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's September 29, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk