United States v. Thorpe

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         REENA RAGGI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    15-2742

JOSEPH D. THORPE,
         Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Lisa A. Peebles (with Gene V. Primomo & Melissa A. Tuohey on the brief), Office of the Federal Public Defender, Syracuse, New York.

FOR APPELLEE:           Rajit S. Dosanjh (with Wayne A. Myers on the brief) for Richard

1

S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Joseph D. Thorpe appeals from the judgment of the United States District Court for the Northern District of New York (Hurd, J.), sentencing Thorpe to four months' imprisonment and three years of supervised release stemming from Thorpe's violation of supervised release already imposed in conjunction with his conviction and sentence for selling crack cocaine. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Thorpe contends that the district court inadequately explained its rationale for subjecting Thorpe to a three-year term of supervised release. Thorpe raises this argument for the first time on appeal; it is accordingly reviewed for plain error, meaning that there must be an error, the error must be "'clear or obvious,'" the error must have "'affected the appellant's substantial rights,'" and the error must seriously affect "'the fairness, integrity or public reputation of judicial proceedings.'" United States v. Marcus, 560 U.S. 258, 262 (2010) (quoting Puckett v. United States, 556 U.S. 129, 135 (2009)). Thorpe has not met this exacting standard, given the pre-sentencing colloquy between the district court and Thorpe, and the "minimal" nature of a district court's obligation to explain a supervised release component of a sentence that is within the range recommended by the Sentencing Guidelines. United States v. Cassesse, 685 F.3d 186, 192 (2d Cir. 2012).

**2.** Thorpe argues that the three-year term of supervised release is substantively unreasonable. Challenges to the reasonableness of a sentence are reviewed under an "'abuse-of-discretion standard'"; substantive unreasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless

damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 114, 123 (quoting United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc)).  Because of Thorpe's repeated failures to comply with conditions of supervision, the three-year term of supervised release was not substantively unreasonable.

For the foregoing reasons, and finding no merit in Thorpe's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK