*United States v. Vanderpool*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand twenty-two.

PRESENT:
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                      No. 20-3521

KERRY VANDERPOOL, AKA PAPERZ,

> *Defendant-Appellant,*

RASHAAD CONYERS, AKA HOULE, RAMEL MATTHEWS, AKA RAH,
WENDELL BELLE, AKA DELLY DELL, WILLIAM BRACEY, AKA REL,
ANTHONY SCOTT, AKA TYSON, HASWANI TYSON, AKA SWANI,
PAUL GILBERT, AKA TOO FLY TAY, AKA DON TAY, KAREEM LANIER,
AKA BLACK, TERRANCE WILLIAMS, AKA TA, JASON MOYE, AKA TALL JAY,
BRIANT LAMONT MAYNOR, AKA BINKY, AKA BRIAN MAYNOR,
ANDY SEDA, AKA ANT WHITE, DAVOUN MATTHEWS, AKA JUICE,
JOSEPH ANDERSON, AKA JOJO, DAVAUGHN BROOKS, AKA DAY DAY,
AKA DOLLA, JOHN HUGHES, AKA PINO,
JOSEPH JEFFRIES, AKA JOEY, DONOVAN REYNOLDS, AKA DONNIE G,

KYLE HINES, CHANEL LEON, AKA BLACK GUMS, CHRISTOPHER MORALES, AKA YAYO, ORENZO HARRELL, AKA OEY, TYRONE GLOVER, AKA TADO, AKA TY, DAYSEAN BANNISTER, AKA DEWEY, JORGE GONZALEZ, AKA NENO, ANWAR SHEPPARD, AKA SHEP, DARRYL WHITLEY, AKA HOT, JEFFREY GERONIMO, AKA JEFF, RASCARMI GALLIMORE, AKA TANK, JAROD SLATER, AKA ROD, CHRISTOPHER IVEY, AKA LIGHT EYES, ANTHONY REDDICK, SOLOMON ALUKO, THOMAS CRUZ, AKA MANNY, MICHAEL BROWN, AKA MIGHTY, COREY CANTEEN,

  *Defendants.*[*]

_____

FOR APPELLANT:  SAMUEL M. BRAVERMAN, Fasulo Braverman & DiMaggio, LLP, New York, NY.

FOR APPELLEE:  ANDREW C. ADAMS, Assistant United States Attorney (Karl Metzner, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 1, 2020, is **AFFIRMED**.

In 2016, Defendant-Appellant Kerry Vanderpool pleaded guilty to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One of the S8 Superseding Indictment) and one count of illegal use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Fourteen of the S8 Superseding Indictment). The district court sentenced him to 84 months' imprisonment on each count, for a total term of 168 months. This cumulative sentence was within the applicable Guidelines range of 154 to 171 months, as set forth in the plea agreement.

_____

[*] The Clerk of Court is directed to amend the case caption to conform to the above.

In 2019, this Court vacated Vanderpool's section 924(c) conviction on Count Fourteen in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held the residual clause of section 924(c)(3) to be unconstitutionally vague. We then remanded his case for resentencing on Count One. *See United States v. Brown*, 797 F. App'x 52, 54–55 (2d Cir. 2019) ("*Vanderpool I*") (summary order). On remand, the district court sentenced Vanderpool to 156 months' imprisonment and a three-year term of supervised release. Vanderpool now challenges the procedural and substantive reasonableness of that sentence. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a district court's sentencing determination for procedural and substantive reasonableness under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

Vanderpool first claims that this Court erred in *Vanderpool I* by remanding for plenary resentencing on his conviction for racketeering conspiracy. In support, he cites 18 U.S.C. § 3742(f), entitled "Review of a sentence," which he contends deprived our court of jurisdiction to vacate his overall sentence and remand for a full resentencing.[1] Section 3742(f)(3) provides that, if certain preconditions for review of a sentence do not apply, the appeals court "shall affirm the sentence." 18 U.S.C. § 3742(f)(3). Under Vanderpool's interpretation, the *Vanderpool I* court had no choice but to affirm the district court's original 84-month sentence on Count One absent a finding of error in that sentence when we concurrently vacated his conviction of Count Fourteen; we had no jurisdiction to do otherwise, in his view. His argument lacks merit.

At the threshold, Vanderpool's argument fails because this panel is generally not free to reject the decision of the prior panel in this case. We have long held under the law of the

---

[1] Section 3742(f) describes the circumstances in which a sentence may be appealed and the scope of the authority of courts of appeals on review of a sentence. *See* 18 U.S.C. § 3742(f).

case doctrine that, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (internal quotations marks and citations omitted). Our Court considers an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" to be cogent or compelling reasons that may support a decision to decline to adhere to a decision rendered by it at an earlier stage of the same litigation. *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) (internal quotation marks omitted). Vanderpool offers no new evidence, cites no relevant change in law since *Vanderpool I*, and provides no other cogent and compelling reason here. If Vanderpool wished to challenge the rule as applied in *Vanderpool I*, the correct course would have been through en banc or Supreme Court review of that decision. *See United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004). We see no persuasive reason to revisit *Vanderpool I* now.

Even if we were free to do so, we would not disturb the prior panel's decision. Our case law indisputably allows the plenary resentencing that we ordered. Twenty years ago, we observed in *Quintieri* that "resentencing usually should be *de novo* when a Court of Appeals reverses one or more *convictions* and remands for resentencing." 306 F.3d 1217, 1228 (2d Cir. 2002) (emphasis in original). Seven years later, in *United States v. Rigas*, we emphasized that *Quintieri* "created a rule, not a guideline": the rule is that, when this Court "identifie[s] a conviction error, not a mere sentencing error," defendants will "be resentenced *de novo* at a plenary sentencing rehearing." 583 F.3d 108, 117 (2d Cir. 2009). Vanderpool cites no case law to the contrary. Indeed, he acknowledges the *Davis* Court's warning that the defendants whose section 924(c) convictions would be vacated as a result of that decision would "not even necessarily receive lighter sentences" on remand, because "when a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted." *Davis*, 139 S. Ct. at 2336 (internal quotation marks omitted). Because this Court in *Vanderpool I* overturned Vanderpool's section 924(c) conviction—not simply the associated sentence—the *Quintieri* rule applied, and section 3742 is of no moment.

The prior panel therefore correctly vacated the remaining racketeering sentence and remanded for plenary resentencing.

Vanderpool next presses the argument that the sentence imposed by the district court on remand was procedurally unreasonable. He locates error in the district court's imposition of a sentence for Count One that was higher than that originally imposed in the absence of "new facts that were not raised at the first sentencing" or "any finding which supported the new above-the-top-of-the-guidelines sentence." Appellant's Br. at 8.

The district court did not abuse its discretion when it determined on resentencing that a lengthier sentence for Count One was justified. It is true that, on resentencing, the district court was presented with no new facts to consider apart from the vacatur of Count Fourteen and Vanderpool's record of post-conviction conduct. The district court adequately explained, however, why it in its view was appropriate to increase the Count One sentence upon resentencing. It observed that it had "done as a whole" the original cumulative 168-month sentence for the two counts of conviction. App'x at 156. That is, at the initial sentencing, the district court determined an appropriate cumulative sentence for Counts One and Fourteen based on the 18 U.S.C. § 3553(a) sentencing factors. Because Count Fourteen required an 84-month mandatory minimum sentence that would run consecutively to any Count One sentence, *see* 18 U.S.C. § 924(c)(1)(D)(ii), it set the Count One sentence at a below-Guidelines 84 months to ensure that the cumulative sentence was no longer than reasonable. At resentencing, however, Count Fourteen's mandatory minimum sentence was no longer a factor; accordingly, the district court could reasonably issue a lengthier sentence for Count One. *See Pepper v. United States*, 562 U.S. 476, 507 (2011) ("Because a district court's original sentencing intent may be undermined by altering one portion of the calculus, an appellate court when reserving one part of a defendant's sentence may vacate the entire sentence . . . so that, on remand, the trial court can reconfigure the sentencing plan . . . to satisfy the sentencing factors in 18 U.S.C. § 3553(a).") (internal quotation marks and citations omitted)).

Vanderpool incorrectly argues that Circuit precedent precluded the district court from considering the mandatory minimum sentence of Count Fourteen when originally

setting a sentence for Count One, in May 2017. But Vanderpool was sentenced over a month after the Supreme Court issued its decision in *Dean v. United States*, abrogating this Circuit's interpretation of section 924(c)(1)(D)(ii). *See* 137 S. Ct. 1170 (Apr. 3, 2017). Before *Dean*, our Court had disallowed sentencing judges' consideration of section 924(c) mandatory minimums when setting a sentence for a related offense. *See id.* at 1176–77 (abrogating *United States v. Chavez*, 549 F.3d 119 (2d Cir. 2008)). Sentencing Vanderpool after *Dean*, the district court was thus fully entitled to consider the sentence it would impose "as a whole," and the record shows that it did so. App'x at 156.

When imposing a sentence above the top of the applicable Guidelines range, as the district court did at Vanderpool's resentencing, a district court bears a "higher descriptive obligation" in stating the reasons for its decision. *United States v. Cassesse*, 685 F.3d 186, 193 (2d Cir. 2012). It "may depart upward from a Guidelines range," we have held, "as long as [it] 'gives serious consideration to the extent of any departure from the Guidelines' and provides an 'adequate explanation' that 'allows for meaningful appellate review and promotes the perception of fair sentencing.'" *United States v. Sampson*, 898 F.3d 287, 313 (2d Cir. 2018) (alterations omitted) (quoting *Gall*, 552 U.S. at 46, 50).

On abuse of discretion review, we conclude that at resentencing the district court adequately considered Vanderpool's background and the gravity of his offense conduct, and provided a sufficiently detailed description of the basis of the sentence to satisfy its obligations with regard to an above-Guidelines sentence. In its Statement of Reasons, the district court explained why a Guidelines sentence would not adequately reflect the severity of Vanderpool's conduct: it cited Vanderpool's gravely reckless conduct when he shot into a crowd of people, endangering many, and it expressed the view that the Guidelines grouping rules, which aggregated only the more severe conduct engaged in by Vanderpool, resulted in a sentence that failed to account for the role that Vanderpool played in repeated bank robberies. These observations sufficiently explained the district court's reasons. The sentence imposed was not procedurally unreasonable.

Finally, Vanderpool urges us to conclude that his sentence was substantively unreasonable. We cannot. Vanderpool's offense conduct includes very serious offenses,

repeated over the course of and in furtherance of the conspiracy for which he was convicted. Among them were: (1) assault with intent to commit murder, (2) two separate instances of attempted aggravated assault, and (3) conspiracy to commit bank robberies. In light of the offense conduct and the other considerations cited by the district court, a sentence of 156 months' imprisonment was not substantively unreasonable.

* * *

We have considered Vanderpool's remaining arguments and find in them no basis for reversal. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court