24-750-cr(L)
*United States v. Lopez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-five.

PRESENT: DENNY CHIN,
EUNICE C. LEE,
BETH ROBINSON,
        *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
        *Appellee*,

    -v-                                  24-750-cr(L),
                                          24-759-cr(CON)

BRANDON LOPEZ, AKA Sealed Defendant 1,
        *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                Adam Z. Margulies, Assistant United States Attorney (Olga I. Zverovich, Assistant United States Attorney, *on the brief*), *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:      Jesse M. Siegel, Law Office of Jesse M. Siegel, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

On February 9, 2023, defendant-appellant Brandon Lopez began terms of supervised release for two underlying offenses to which he had pleaded guilty in separate criminal cases: (1) unlawful possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1), in Case No. 15 Cr. 184; and (2) escape, in violation of 18 U.S.C. §§ 751(a) and 4082(a), in Case No. 21 Cr. 417. On August 1, 2023, the U.S. Probation Office filed a combined Violation Report that detailed Lopez's "less than satisfactory" transition to supervised release, which included six alleged violations. Confidential Appendix ("Conf. App'x") at 3. On September 26, 2023, the district court dismissed one of the specifications and held an evidentiary hearing on the remaining specifications. The district court found that Lopez committed the remaining five violations.

On February 21, 2024, the district court revoked Lopez's supervised release and sentenced him to 24 months' imprisonment, followed by one year of supervised release with the same conditions as previously imposed. The Guidelines

2

range for Specification One, the most serious violation, was 33 to 41 months but was capped by the statutory maximum sentence of 24 months' imprisonment. The Probation Office recommended a 24-month prison term, followed by one year of supervised release. Two judgments were entered, both on March 5, 2024. The 24-month sentence was imposed in the two cases concurrently.[1] Lopez appeals, contending that the sentence imposed was both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      **Procedural Reasonableness**

Lopez argues that his sentence was procedurally unreasonable because the district court did not adequately explain its reasoning, did not state that it had considered the relevant sentencing factors, and did not explain why a longer term of imprisonment as compared to a longer term of supervised release better served the purposes of sentencing. These arguments are unavailing.

Where, as here, the defendant fails to object at sentencing, a claim of procedural unreasonableness will be reviewed for plain error. *United States v. Ortiz*, 100

---

[1]      Both judgments refer to Specifications One and Three. The district court did not pronounce separate sentences for Specifications Three, Four, Five, or Six. When the government asked if Specification One, the narcotics violation, was "what's driving the Court's sentence here," the court agreed. App'x at 109. The court clarified further that the sentence would be the same regardless of Specifications Three through Six. To the extent the district court erred in not specifically pronouncing a sentence with respect to Specifications Three through Six, the error would be harmless. Lopez does not, in any event, challenge this aspect of the sentence.

3

F.4th 112, 120 (2d Cir. 2024).  "A sentence is procedurally unreasonable if," among other reasons, the district court "fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence."  *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).  In imposing a sentence for violation of supervised release, however, "the degree of specificity required for the reasons behind [the] sentence is less than that for plenary sentencing."  *Id.*  An adequate explanation does not require the district court to follow a specific formula or use a certain phrase.  *Ortiz*, 100 F.4th at 121.  The district court need not even reference the § 3553(a) factors explicitly.  *See United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008).  Instead, "[the] standard is met when the record as a whole satisfies us that the judge considered the parties' arguments and had a reasoned basis for exercising his own legal decisionmaking authority."  *Ortiz*, 100 F.4th at 120 (citation modified) (quoting *Chavez-Meza v. United States*, 585 U.S. 109, 119 (2018)).  Further, when "the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory [explanation] requirements can be minimal."  *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012).

The record provides the necessary support for the sentence imposed.  The district court conducted an evidentiary hearing on the underlying violations and, at sentencing, carefully reviewed the parties' sentencing submissions, listened to the

4

parties' arguments and Lopez's personal address to the court, and provided an explanation for the sentence imposed. As the court articulated:

> I do hope that you can serve this time and then come out and not mess up again. You're too young. You have a life ahead of you, and nobody wants anything bad for you. The fact of the matter is that if you've proved one thing up to now, it is that you're a danger to the public when you're on the street and it would be a whole lot better if things were otherwise.

App'x at 109. In light of the support evident in the record, we conclude that the district court's explanation was sufficient. Therefore, the sentence was procedurally reasonable.

## II. Substantive Reasonableness

Lopez next argues that his sentence was substantively unreasonable because it was "shockingly high" and "otherwise unsupportable." Appellant's Br. at 17. He further claims that the sentence was "actually counterproductive" because he required treatment for drug use, grief, and mental health, which was foreclosed by the court's chosen term of imprisonment. *Id.* at 17-18. Again, these arguments are unavailing.

In reviewing a sentence for substantive unreasonableness, we must "consider the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Smith*, 949 F.3d at 66 (citation modified). Given this standard, "[w]e will vacate a sentence as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," for

5

example, "when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Ortiz*, 100 F.4th at 122 (citation modified). "While we do not presume that a Guidelines sentence is necessarily substantively reasonable, that conclusion is warranted in the overwhelming majority of cases." *United States v. Constantinescu*, 147 F.4th 299, 319 (2d Cir. 2025) (quoting *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015)).

Here, the record shows that less than six months after Lopez was released from his prior sentence, he reverted to serious criminal activity. He tried to flee from police by recklessly driving a motorized scooter on a pedestrian-filled sidewalk and was arrested with bags, envelopes, and capsules of cocaine, crack cocaine, and heroin mixed with fentanyl. As the Violation Report detailed, despite Lopez's statements about wanting to seek legitimate employment and take care of his family, he "appear[ed] to lack any motivation for change." Conf. App'x at 6. Instead, Lopez demonstrated a repeated and blatant disregard for the conditions of his supervised release. He tested positive for marijuana use, missed scheduled drug testing and treatment appointments, failed to participate in a recommended vocational program, denied having drugs when caught, and failed to inform probation after his arrest. Although Lopez attempted to explain these actions at sentencing and argued that he required treatment and counseling instead of prison, the circumstances make clear that

6

the district court properly exercised its discretion in imposing this sentence.  The

within-Guidelines sentence was well within the district court's "range of permissible

decisions."  *See Ortiz*, 100 F.4th at 122.  Accordingly, the sentence was substantively

reasonable.

\* \* \*

We have considered Lopez's remaining arguments and conclude they are

without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district

court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk