14-3621(L)
*United States v. Gonzalez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RALPH K. WINTER,
> JOHN M. WALKER, JR.,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.

JOSÉ GONZALEZ,

> *Defendant-Appellant*,

No. 14-3621(L)
No. 14-3695(Con.)

---

For Appellee:
Margaret Graham and Karl Metzner, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant José Gonzalez:
Lawrence Gerzog, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In this consolidated appeal, Defendant-Appellant José Gonzalez appeals his sentence for his judgment of conviction entered on September 16, 2014, by the United States District Court for the Southern District of New York (Furman, *J.*), following his guilty plea on three counts contained in a superseding information: (1) conspiracy to distribute and to possess with the intent to distribute a controlled substance in May to June 2010 in violation of 21 U.S.C. § 846; (2) conspiracy to distribute and to possess with the intent to distribute controlled substances in December 2011 in violation of § 846; (3) and distribution and possession with intent to distribute controlled substances in December 2011 in violation of 21 U.S.C. § 841(b)(1)(B). He also appeals his sentence for revocation of supervised release following his admitting to a specification contained in a petition and request for court action; the specification is based on the same conduct as charged in count one of the superseding information. We assume the parties' familiarity with the  underlying facts, procedural history, and issues on appeal.

We begin with Gonzalez's appeal of his sentence for his judgment of conviction. In his written plea agreement, Gonzalez waived his right to appeal any sentence on the superseding information that is within or below the stipulated guidelines range of 188 to 235 months' imprisonment. Because the district court sentenced Gonzalez to 144 months' imprisonment for each of the counts contained in the superseding information, with the terms of imprisonment to be served concurrently, he has waived his right to appeal that sentence. Upon review of the record, the Court concludes that Gonzalez's waiver of his right to appeal his sentence on the

superseding information "was knowing and voluntary" and that the "waiver is [therefore] enforceable." *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004).

Turning to Gonzalez's appeal of his sentence for violation of his supervised release, we have previously explained that "we will affirm [a] district court's sentence [for violation of supervised release] provided (1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable." *United States v. Anderson*, 15 F.3d 278, 284 (1994).

First, it is clear from the record that the district court considered the policy statement for violations of supervised release. Second, the sentence imposed is within the statutory maximum. To explain, 18 U.S.C. § 3583 imposes maximum terms of imprisonment for supervised release depending on the class (A, B, C, or D) of felony that resulted in the term of supervised release. 18 U.S.C. § 3583(e)(3). Under this provision, the maximum terms of imprisonment are five years for a class A felony, three years for a class B felony, and two years for a class C or D felony. *Id.* The district court sentenced Gonzalez to two years' imprisonment. Regardless of the class of felony at issue, then, Gonzalez's sentence was within the statutory maximum.

Third, "[a]ll federal sentences, including those imposed for violations of supervised release, are reviewed for reasonableness. Reasonableness has both substantive and procedural dimensions." *United States v. Gonzalez*, 529 F.3d 94, 97 (2d Cir. 2008) (citation omitted). Both forms of reasonableness are reviewed for abuse of discretion. *See United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). But if, as here, a defendant fails to raise a claim of procedural error in the district court, our review is restricted to plain error. *See United States v. Wagner-Dano*, 679 F.3d 83, 88 (2d Cir. 2012).

3

With respect to procedural reasonableness, Gonzalez raises two objections: (1) "the district court did not differentiate between the factors to be considered in the principal case and those to be considered regarding supervised release," Appellant's Br. 13; and (2) the district court "provide[d] no illumination as to the 'different purpose' that it vaguely mention[ed] as justification for its decision," *id.* at 14 (quoting App. 91).

Gonzalez's first criticism is meritless because the district court did not need to differentiate between the factors it considered in its sentence for the conspiracy and related substantive drug offenses charged in the superseding information (i.e., the sentence of conviction or what Gonzalez refers to as the "principal case") and those it considered in the sentence for violation of supervised release. *See, e.g.*, *United States v. Cassesse*, 685 F.3d 186, 193 (2d Cir. 2012) (finding the district court's "intertwined analysis of the supervised release violation and the [sentence of conviction] clearly provided a sufficient explanation of the sentence [it] ultimately imposed for the violation"). Here the record shows that the district court was aware of the appropriate policy statements and the relevant advisory terms of imprisonment, and its intertwined analysis of the sentence for the drug trafficking conspiracy provided a sufficient explanation of the sentence it imposed for the violation of supervised release. *See id.*

Gonzalez's second criticism is equally meritless. At sentencing, the district court explained its reason for imposing the sentences consecutively:

> Lastly, while it may be that probation I think intimated that it had no objection to concurrent terms for violation of supervised release and the criminal sentence itself, my view is that those two things have different purposes and that a violation of supervised release has a different purpose than sentencing for new crimes and that in that regard, that those purposes would be obscured by making the terms concurrent and I therefore will not do so.

4

App. 91. Although the district court did not elucidate what the different purposes were, it was clearly aware that the sentences served two different purposes and that a consecutive term of imprisonment would appropriately serve those different purposes.

We have previously explained that the primary goal of a sentence for violation of supervised release is "to account for the breach of trust inherent in failing to appreciate the privileges associated with such supervision." *United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007). Moreover, the policy statement covering "Revocation of Probation or Supervised Release" provides that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S. Sentencing Guidelines Manual § 7B1.3(f) (U.S. Sentencing Comm'n 2015).

In short, the district court's brief explanation is consistent with the view articulated in case law and the Guidelines that a sentence imposed for violation of supervised release serves a different purpose from a sentence imposed for a judgment of conviction—even if both are based on the same underlying conduct. And we are not aware of any authority that would require reversing for plain error based on the accurate, albeit limited, explanation provided by the district court here. *Cf. Cassesse*, 685 F.3d at 188 (affirming district court's rejection, without explanation, of "the parties' recommendation of a concurrent term, imposing instead a sentence of twelve months of imprisonment for the supervised violation to run consecutively to the 90 month term for the racketeering conviction").

With respect to substantive reasonableness, the district court noted, and the parties do not dispute, that the sentencing range for the specification that Gonzalez admitted to was 24 to 30

5

months. "[W]e do not presume that a Guidelines-range sentence is reasonable," but we do give "due deference to the sentencing judge's exercise of discretion." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Considering "the totality of the circumstances," *id.*, the sentence here was reasonable. The 24-month sentence imposed is the bottom of the recommended range, and it is 36 months below the statutory maximum. Moreover, this was the defendant's second violation of the terms of supervised release. Just seven months after being released from prison for his previous violation, Gonzales returned to criminal activity, engaging in a conspiracy to smuggle four kilograms of heroin from Peru to New York. Under these circumstances, Gonzales's sentence is neither "shockingly high" nor "otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

For the reasons stated herein the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk