15-0579-cr
United States v. Ali

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of January, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

             v.                                          15-0579-cr

SYED OMAIR ALI,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:     Darrell B. Fields, Federal Defenders of New York, New York, NY.

Appearing for Appellee:      Emily Berger and Michael T. Keilty, Assistant United States Attorneys, *for* Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **REMANDED**.

Syed Omair Ali appeals from a judgment entered on February 20, 2015 in the United States District Court for the Eastern District of New York (Johnson, *J.*), revoking Ali's term of supervised release and sentencing him to 24 months' imprisonment. On appeal, Ali argues that his sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a sentence for procedural and substantive reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A sentence is *procedurally* unreasonable if the district court 'fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence.'" *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (quoting *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013)). "Once we have determined that the sentence is procedurally sound, we then review the substantive reasonableness of the sentence, reversing only when the trial court's sentence 'cannot be located within the range of permissible decisions.'" *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008)).

Ali argues that his sentence is procedurally unreasonable because the district court failed to adequately explain the reasons for imposing an above-Guidelines sentence. Because Ali raises this issue for the first time on appeal, we review for plain error. *United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012). Under the plain-error standard, we have the discretion to correct an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings if there is an "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 467 (1997) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

Under 18 U.S.C. § 3553(c), a sentencing court is statutorily required "at the time of sentencing" to "state in open court the reasons for its imposition of the particular sentence." In addition, where, as here, a district court imposes a sentence outside the Guidelines range, "the court must also state 'the specific reason' for the sentence imposed, in open court as well as in writing—'with specificity in a statement of reasons form' that is part of the judgment." *Aldeen*, 792 F.3d at 251-52  (quoting 18 U.S.C § 3553(c)(2)). "The sentencing court's statement of reasons must at least explain—in enough detail to allow a reviewing court, the defendant, his or her counsel, and members of the public to understand—why the considerations used as justifications for the sentence are sufficiently compelling [] or present to the degree necessary to support the sentence imposed." *Id.* at 252 (alteration in original) (internal quotation marks omitted).

"When a district judge deviates from an advisory Guidelines range, it must consider the 'extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Id.* (quoting *Cavera*, 550 F.3d at 189). "Where there is a variance, on appellate review, 'we may take the degree of variance into account and consider the extent of a deviation from the Guidelines . . . . [A] major departure should be supported by a more significant justification than a minor one." *Id.* (alterations in original) (quoting *United States v. Stewart*, 590 F.3d 93, 135 (2d Cir. 2009)).

2

Although these concepts generally apply as well to sentences for violations of supervised release, we have recognized "some differences between sentencing for the underlying crime and sentencing for a violation of supervised release." *Id* at 252. "Supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation." *Id.* And "[t]hough the imposition of an above-Guidelines sentence triggers a 'higher descriptive obligation,' we simultaneously require less rigorous specificity where, as here, a court sentences a defendant for violation of supervised release." *Id.* at 253 (quoting *United States v. Cassesse*, 685 F.3d 186, 193 (2d Cir. 2012)). "Nonetheless, even in the revocation context, a district court must sufficiently explain its reasoning so that the parties, the public, and a reviewing court can understand the justification for the sentence, particularly when there is a material deviation." *Id.* at 255.

In *Aldeen*, for example, we concluded that the district court committed plain procedural error by failing to adequately explain the reasoning for its sentence in open court and in a written statement of reasons. *Id.* at 253. We were "not persuaded that the district court provided a sufficiently compelling justification to support" a custodial sentence of 18 months' imprisonment, when the Guidelines called for only 4 to 10 months' imprisonment. *Id.* It was also necessary for the district court in that case to resolve disputed facts that were the basis for a previously dismissed criminal charge and explain how those facts affected the court's sentencing determination. *Id.* at 254.

Here, the district court explained its sentence by noting that before committing the violation at issue in this case, possession of a forged driver's license—a crime to which Ali had pleaded guilty and served a state sentence—Ali had also violated court orders regarding his travels to Pakistan on two prior occasions. The court explained that it had rejected the parties' stipulated six-month sentence for the violation in this case because it "felt that it was not sufficient for this defendant's behavior, his conduct." App'x at 64. The court noted that Ali's "supervision ha[d] been, at best, poor," App'x at 64, and the court encapsulated its reasoning by quoting a song lyric: "[T]he hardheaded always got to feel it to believe it." App'x at 64.

The district court's written statement of reasons, however, was not consistent with its above-Guidelines sentence of 24 months' imprisonment. The district court checked a box indicating that the sentence was "within an advisory policy statement range." Statement of Reasons at 2. Further, the court did not complete Part IV(C), which asked for an explanation of "the facts justifying the sentence outside the advisory policy statement," although it did elaborate further by providing "additional facts justifying the sentence in this case." Statement of Reasons at 2. Given this ambiguity in the record, it is necessary for us to assure ourselves that the district court did not in fact think it was imposing a sentence that was "within an advisory policy statement range." For that reason, we are remanding the case to the district court so that it can clarify whether it believed it was imposing a "within range" sentence. If indeed the district court intended to impose a sentence outside the range, it may wish to provide a more detailed explanation of why it determined it necessary to impose the statutory maximum when the Guidelines called for only 3 to 9 months' imprisonment.

For the reasons stated above, we remand to the district court for further proceedings as noted above. In the course of clarifying whether it intended to impose a "within range" sentence

and, if not, in explaining more fully its reasons for a variance, if the district court determines that it should impose a reduced sentence, then the district court should vacate Ali's sentence and resentence him.

The judgment of the district court hereby is REMANDED for further proceedings consistent with this decision. The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk