14-1210
*United States v. Baires*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand sixteen.

PRESENT:

> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
> *Appellee,*

v.                                                                No. 14-1210-cr

JOSE BARRERA, AKA Travieso, KEVIN CARDONA, AKA Stalker, RUDY GUEMBES-LORENA, AKA Darky, CARLOS HERNANDEZ, AKA Morro, ABRAHAM IRAHETA, AKA Lobo, ALEX MACHADO, AKA Negro, CHRISTIAN MERINO, AKA Casper, NELSON QUINTEROS, AKA Sonic,
> *Defendants,*

WILBER BAIRES, AKA Doofy,
> *Defendant-Appellant,*

_____

FOR APPELLEE:                          DARREN A. LAVERNE, Assistant
                                       United States Attorney (Susan Corkery,
                                       Assistant United States Attorney, *on the
                                       brief*), *for* Robert Capers, United States
                                       Attorney for the Eastern District of New
                                       York, New York, NY.

FOR DEFENDANT-APPELLANT:                DANIEL S. NOOTER, Washington, DC.

Appeal from the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REMANDED** for further proceedings consistent with this order**.**

Defendant-Appellant Wilber Baires appeals from a judgment of conviction entered on April 16, 2014 in the United States District Court for the Eastern District of New York after he pled guilty to conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6).  Baires challenges his sentence, which was above the advisory U.S. Sentencing Guidelines range, as both procedurally and substantively unreasonable.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

Baires and nine codefendants were charged in an indictment alleging activities relating to a chapter of the Mara Salvatrucha ("MS-13") gang.  Baires himself was named only in a single count charging conspiracy to assault members of a rival gang with dangerous weapons from 2007 through 2011.  According to the Presentence Investigation Report ("PSR"), Baires participated in planning an attack on members of a rival gang in

2

January 2011; the plan was forestalled by the police, and the attack was never carried out. Although no other specific incidents were mentioned in the PSR, Baires allocuted more generally to agreeing with other MS-13 members to assault members of rival gangs during the period charged. The PSR calculated the applicable guidelines range as 24 to 30 months, and neither the PSR nor the government suggested any reason to impose a sentence in excess of that range. The district court adopted the PSR's factual statements and guidelines analysis, but nevertheless imposed an above-guidelines sentence of 36 months' imprisonment, the maximum possible sentence under the statute.

At the sentencing hearing, the district court stated only the following rationale for the sentence: "Given the nature of the offense and your circumstances this court imposes a sentence of 36 months. That appears to be sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. Section 3553(a)." The court did not discuss any particular § 3553(a) factors, identify any particular factual findings that formed the basis for its decision to impose a sentence above the guidelines range, or articulate a rationale for the sentence chosen.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails

3

adequately to explain the chosen sentence." United States v. Morrison, 778 F.3d 396, 399 (2d Cir. 2015) (alteration in original), quoting United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012). A district court is required, under 18 U.S.C. § 3553(c), to "state in open court the reasons for its imposition of [a] particular sentence." Baires challenges the procedural reasonableness of his sentence because the district court did not adequately explain its reasons for imposing the sentence, which exceeds the highest point of the applicable guidelines range.

We conclude that the district court plainly did not meet its obligation to state its reasons for imposing its sentence, particularly one that exceeds the guideline recommendation. Because Baires did not raise the error at sentencing, we review only for plain error, United States v. Cassesse, 685 F.3d 186, 188 (2d Cir. 2012), for which we may reverse only if we find that an error affects a defendant's substantial rights. We have held that when the district court's statements at sentencing provide an insufficient basis for a reviewing court to determine the reason that the district court imposed the sentence, that error affects a defendant's substantial rights. United States v. Lewis, 424 F.3d 239, 247 n.5 (2d Cir. 2005). See also United States v. Fama, __ F. App'x __, 2016 WL 277750 (2d Cir. Jan. 22, 2016). Certainly where, as here, the district court gave absolutely no indication as to its reasons for the sentence imposed, we have no meaningful basis upon which to review the reasonableness of the sentence.[1]

---

[1] Baires also challenges his sentence as substantively unreasonable. Absent an explanation of the reasons why the sentence was imposed, we cannot (and thus do not) evaluate that claim.

Moreover, the failure to explain a sentence can "seriously affect the . . . public reputation of judicial proceedings," United States v. Olano, 507 U.S. 725, 736 (1993) (internal quotation marks and alteration omitted). The failure to explain a sentence leaves the public, and the defendant, in the dark about why a particular punishment is imposed; particularly when the sentence is outside the norm, unwarranted speculation that the sentence may have been chosen for inappropriate reasons may be unnecessarily encouraged.

Accordingly, we remand with instructions to vacate Baires's sentence and conduct resentencing proceedings. In view of the time that has passed since the sentence was imposed, and the relatively short time remaining on the sentence, we expect the district court to proceed with the utmost expedition in resentencing. In the interest of such expedition, this panel will retain jurisdiction over any subsequent appeal, see United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), and should there be such an appeal, the parties should request expedited briefing and argument. Accordingly, the judgment of the district court is **REMANDED** for further proceedings consistent with this order. The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5