14-2192-cr
United States v. Reyes

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges,*
EDWARD R. KORMAN,
*District Judge.*\*

-----------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee,*

v.                                                            No. 14-2192-cr

MIGUEL REYES, AKA JOSE CONTRERAS,
*Defendant-Appellant.*

-----------------------------------------------------------------------------------

\* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT: STEVEN Y. YUROWITZ, ESQ., Newman & Greenberg LLP, New York, NY.

FOR APPELLEE: RAJIT S. DOSANJH, Assistant United States Attorney (Wayne A. Myers, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-appellant Miguel Reyes appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.) convicting him of conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. On appeal, Reyes argues principally that trial counsel was ineffective, that he was denied his Sixth Amendment right to a speedy trial, and that his constitutional right to due process of law was violated when he was required to stand trial in leg restraints. Because Reyes did not raise any of these arguments before the District Court, we review for plain error. United States v. Cassesse, 685 F.3d 186, 188 (2d Cir. 2012). We assume the

2

parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Reyes contends that counsel was ineffective in failing to (1) raise before the District Court the speedy trial claim involving a nine-and-a-half-year delay between indictment and trial; (2) object to the use of leg restraints throughout trial; and (3) question the Government's chief witness, federal agent Charles Callioras, about his grand jury testimony that record checks indicated that "Miguel Reyes" was an alias for "Jose Contreras." Reyes separately argues that the delay before trial violated his constitutional right to a speedy trial and that the use of leg restraints during his trial deprived him of his due process rights. Both arguments are closely tied to Reyes's claim of ineffective assistance of counsel.[1] Because "the record on appeal does not include the facts necessary to adjudicate"

[1] As to the second argument, we note, parenthetically, that the District Court erred when it failed to explicitly find that leg restraints were "a necessary last resort." United States v. Haynes, 729 F.3d 178, 190 (2d Cir. 2013). After oral argument, in response to our request, the United States Attorney's Office for the Northern District of New York advised us that over the last three years approximately one third of incarcerated defendants have been placed in shackles during trial. This appears to us to be a strikingly high number. We reiterate our holding in Haynes that shackling is appropriate only as "a necessary last resort." And so that the record is clear on appellate review, a trial judge who orders a defendant shackled should also make an express finding as to whether, in light of any precautions taken, the shackling was visible to the jury.

these arguments or the ineffective assistance of counsel claims, United States v. Oladimeji, 463 F.3d 152, 154 (2d Cir. 2006), we decline to consider them on direct appeal.   Reyes may raise these arguments and claims in a petition for habeas corpus under 28 U.S.C. § 2255.   Id. at 154; see Massaro v. United States, 538 U.S. 500, 504 (2003).

But there is a sufficient record for us to reject the argument that the Government constructively amended the indictment by failing to establish at trial that Reyes used the aliases "Jose Contreras" and "Miguel Contreras," as the indictment indicated.   In this case, the aliases listed on the indictment did not "modify" an "essential element" of the crime charged – conspiracy to distribute and to possess with intent to distribute cocaine.   See United States v. D'Amelio, 683 F.3d 412, 416 (2d Cir. 2012).   And there is no question that the evidence submitted to the grand jury, including the testimony of Callioras, established that Reyes was the person the grand jury intended to indict.

Finally, Reyes argues that the District Court erred by improperly instructing the jury that he was associated with an individual who had been recorded on telephone calls with an undercover agent discussing a proposed purchase of cocaine.   In explaining to the jury that such records were lawfully

4

obtained and could be used as evidence, the District Court described them as "recordings of the telephone calls with an associate of the defendant." App'x at 90. Reyes's argument on appeal is not without force because his defense was to deny his association with that person and to assert the Government had prosecuted the wrong man. Nevertheless, Reyes has not shown that he suffered "ensuing prejudice" as a result of the instruction, United States v. Quinones, 511 F.3d 289, 313 (2d Cir. 2007), or that he can satisfy the plain error standard. Reyes vigorously challenged the Government's identification witness on cross-examination. Furthermore, the District Court's jury instructions specified that "[o]ne of the issues in this case is the identification of the defendant as a person who committed the crime charged" in the indictment, and gave fulsome instructions on considerations concerning witness identification testimony and the requirement that the jury determine identity beyond a reasonable doubt. App'x at 94-95. The District Court warned the jury not to draw any inference "as to what verdict I think you should render." App'x at 88. In addition, Reyes made no objection when the District Court proposed to give this instruction and invited counsel's comment. The jury would not have understood the District Court's instructions, taken as a whole, to mean that Reyes was in fact an associate

of the person discussing a drug transaction on the recorded telephone calls. We therefore conclude that the challenged jury instruction was an "isolated statement[] taken from the charge, seemingly prejudicial on [its] face, [that is] not so when viewed in the context of the entire record of the trial." United States v. Scarpa, 913 F.2d 993, 1018 (2d Cir. 1990) (quotation marks omitted).

We have considered all of Reyes's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court