**UNITED STATES of America, Appellee,**

v.

**Francisco BELLIARD, Defendant–Appellant.**

**No. 08–0431–cr.**

United States Court of Appeals, Second Circuit.

Jan. 28, 2009.

Juan I. Illarraza, Goldstein & Weinstein, Bronx, NY, for Appellant.

Robert L. Capers & David James, Assistant United States Attorneys, for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Francisco Belliard appeals from a judgment of conviction in the United States District Court for the Eastern District of New York (Korman, *J.*). He pled guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II). As part of the plea agreement, the government agreed to an estimated range under the advisory Sentencing Guidelines of 51 to 63 months. In its Presentence Report ("PSR"), the probation office recommended that the district court consider as an aggravating factor Belliard's attempt on three separate occasions to reenter the United States illegally following his deportation for a prior conviction. Based on its finding that Belliard had attempted to illegally reenter the United States numerous times, the district court sentenced Belliard above the Guidelines range discussed during to plea colloquy to 84 months' imprisonment. We assume familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

On appeal, Belliard claims that the district court erred by upwardly departing from the advisory Guideline range without providing notice of its intention to depart prior to the sentencing proceedings pursuant to Fed.R.Crim.P. 32(h). Rule 32(h) states that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." The government contends that because Belliard did not raise his objection before the district court, he must demonstrate that the district court committed plain error under Fed.R.Crim.P. 52(b), which he fails to do because the PSR put him on notice of the potential for an upward departure.

There is little question that Belliard does not meet the plain error standard. First, the specific ground for departure— Belliard's attempts at illegal reentry—was identified in the PSR. *See* Fed.R.Crim.P. 32(h). Although the PSR did not explicitly state that the district court could depart based on this ground, it did provide notice that the district court might consider finding as an aggravating factor that Belliard was a "repeat illegal reenterer" and enhance his sentence accordingly. Because

Belliard does not demonstrate that the district court erred in relying on a ground that was not "identified for departure," he cannot show that plain occurred.

We have considered the remainder of Belliard's contentions and find them without merit.

The judgment of the district court is AFFIRMED.