17-795-cr
*United States v. Ivey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand seventeen.

PRESENT:
  ROBERT D. SACK,
  PETER W. HALL,
  CHRISTOPHER F. DRONEY,
   *Circuit Judges.*

———————————————————

UNITED STATES OF AMERICA,

   *Appellee,*

  v.            17-795-cr

TONY IVEY,

   *Defendant-Appellant.*

———————————————————

For Appellant:      JAY S. OVSIOVITCH, Federal Public Defender's Office, Western District of New York, Rochester, NY.

For Appellee: CARINA H. SCHOENBERGER (Geoffrey J.L. Brown, *on the brief*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following a guilty plea to threatening to kill a federal prosecutor in violation of 18 U.S.C. § 115(a)(1)(B), Defendant-Appellant Tony Ivey was sentenced principally to a term of 20 months' imprisonment to be followed by three years of supervised release. On appeal, Ivey challenges the procedural reasonableness of his sentence. He contends that that his sentence is procedurally unreasonable because the district court failed to (1) provide reasonable notice that it was contemplating an upward departure, as required under Fed. R. Crim. P. 32(h); and (2) reference the new criminal history category it applied when departing upward. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review sentences for procedural and substantive "unreasonableness," which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d. Cir. 2008). A district court's decision to depart upward is

2

reviewed for abuse of discretion. *United States v. Ashley*, 141 F.3d 63, 69 (2d Cir. 1998).

When a defendant fails to object to an alleged sentencing error before the district court, we review for plain error. *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). An appellate court may, in its discretion, correct a plain error where "the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

**I.**

As to Ivey's argument regarding notice of the contemplated upward departure under Federal Rule of Criminal Procedure 32(h), the Rule demands that "before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling." *Burns v. United States*, 501 U.S. 129, 138 (1991); *see also* Fed. R. Crim. P. 32(h).

"The obligation of the district court, prior to sentencing with upward departure, is to assure itself that the defendant has received notice and has thus

3

had adequate opportunity to defend against that risk." *United States v. Contractor*, 926 F.2d 128, 131 (2d Cir. 1991). "So long as the defendant is adequately warned that he faces the possibility of an upward departure so that he will not be unfairly surprised and will have adequate opportunity to argue against it, the concern is satisfied, regardless of whether the defendant receives notice from the judge or from another source." *Id.* at 131–32. The Government contends that because Ivey did not raise an objection before the district court, he must demonstrate that the district court committed plain error, which he fails to do because the PSR put him on notice of the potential for an upward departure. *See* Fed. R. Crim. P. 52(b).

We conclude that Ivey cannot demonstrate plain error. Indeed, the specific ground for the district court's departure—inadequacy of initial criminal history category—is identified in the PSR. While the PSR does not explicitly state that the district court could depart on this ground, it does provide notice that the court "may want to consider an upward departure based on inadequacy of criminal history category." Presentence Report at ¶105. Because Ivey has not demonstrated that the district court committed error in relying on a ground that was not "identified for departure," he cannot show plain error occurred. *See, e.g.*, *United States v. Belliard*, 308 F. App'x 488, 489–90 (2d Cir. 2009) (summary order) (concluding that appellant failed to "demonstrate that the district court erred in relying on a ground that was not 'identified for departure'" where PSR "provide[d] notice that the district court might consider" upward departure).

4

## II.

Next, Ivey claims that the district court failed to reference the new criminal history category it applied when departing upward, as required by U.S.S.G. § 4A1.3(a), and that the district court "wrongly considered prior offenses" in determining his criminal history category. Appellant's Br. at 24. Section 4A1.3 of the Guidelines authorizes an upward departure from the prescribed range when the sentencing court finds that a defendant's criminal history category "substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1).

Section 4A1.3(a)(4) guides sentencing courts as to the extent of such departures. Subdivision (A) instructs that where, as here, a sentencing court upwardly departs from any criminal history category lower than category VI,[1] "the court *shall* determine the extent of a departure . . . by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." *Id.* § 4A1.3(a)(4)(A) (emphasis added). We have held, though, that "[a] sentencing court

---

[1] Subdivision B suggests an approach for upward departures from criminal history category VI (the highest category):

> In a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

U.S.S.G. § 4A1.3(a)(4)(B).

considering an upward departure under [section] 4A1.3 is not required by our cases to pause at each category above the applicable one to consider whether the higher category adequately reflects the seriousness of the defendant's record" before arriving at an appropriate sentence. *United States v. Simmons*, 343 F.3d 72, 78 (2d Cir. 2003). Indeed, "as long as the reasons for such a departure are fully explained, a mechanistic, step-by-step procedure is not required." *Id.* (internal quotation marks omitted). Because Ivey did not object to the district court's explanation of its upward departure, we review for plain error. *See United States v. Cassesse*, 685 F.3d 186, 188 (2d Cir. 2012).

Here, the district court departed from a Guidelines range of six to twelve months' imprisonment (based on a criminal history category II) to a sentence of 20 months' imprisonment (a middle-of-the-range sentence implicitly based on a criminal history category V) on the ground that the defendant's applicable criminal history category II did not adequately "capture" the seriousness of Ivey's past criminal record. The court stressed Ivey's "history of both domestic violence and violence in the community," "pattern of criminal violent activity over decades," and past offenses involving violent assaults. App'x at 86. In reaching this conclusion, however, the court did not explicitly "us[e], as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's" as contemplated by section 4A1.3(a)(4)(A).

6

Although the district court was "not required . . . to pause at each category above [category II] to consider whether [they] adequately reflect[ed] the seriousness of the defendant's record," *Simmons*, 343 F.3d at 78, it does not follow that it was free to disregard the methodology set forth in section 4A1.3(a)(4)(A) by failing to identify any criminal history category whatsoever. In other words, the district court acting under these circumstances erred by failing to explain why its implied choice of criminal history V was more appropriate than criminal history II.[2] We need not resolve that issue, though, because even assuming that there was such an error, Ivey has failed to demonstrate that it was plain error. He has not established how any such error might have affected his substantial rights; it is clear from the record that the outcome at sentencing would have been no different absent the error. *See Marcus*, 560 U.S. at 262 (affecting substantial rights, means, in the ordinary case, affecting "the outcome of the district court proceedings" (internal quotation marks omitted)).

Last, Ivey's contention that the district court improperly considered his minor offenses in assessing the criminal history category finds no support in the record. In fact, the district court expressly acknowledged that not every one of Ivey's past offenses factored into its determination to depart upward, explaining that "[e]ven though some [past offenses] involved violations, a number of instances . . . involved

---

[2] Indeed, unlike section 4A1.3(a)(4)(B), which merely *suggests* a methodology, section 4A1.3(a)(4)(A) appears to *mandate* one. *Compare* U.S.S.G. § 4A1.3(a)(4)(B) (providing that "the court *should*" follow a particular methodology), *with id.* § 4A1.3(a)(4)(A) (providing that "the court *shall*" follow a particular methodology); *see United States v. Harris*, 13 F.3d 555, 559 (2d Cir. 1994) (interpreting section 4A1.3(a)(4)(B) as suggesting rather than mandating a methodology because, *inter alia*, it uses the word "should" rather than "shall").

7

violent incidents." App'x at 88; *cf. Ashley*, 141 F.3d at 70 (concluding that upward departure was not unreasonable where "the court noted that while many of them were minor offenses, several others involved physical conflicts with arresting officers or other assaults with intent to inflict bodily injury"). The record clearly illustrates that the district court's upward departure was based on the violent nature of Ivey's criminal history and not solely on the number of offenses. The district court's upward departure was therefore not unreasonable.

We have considered all of Ivey's remaining arguments on appeal and determine they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8