*United States v. Alexander*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

---

United States of America,
> *Appellee*,

v.                                                                      16-3885

Craig Alexander,
> *Defendant-Appellant*.

---

FOR DEFENDANT-APPELLANT:         Craig Alexander, pro se, Fort Dix, NJ.

FOR APPELLEE:                    Ransom Reynolds and Paul D. Silver, Assistant United States Attorneys, of Counsel, *for* Grant C. Jaquith, Acting United States Attorney for the Northern District of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

A jury found Craig Alexander guilty of two counts of access card fraud, *see* 18 U.S.C. §§ 1029(a)(3), (c)(1)(A)(i), and two counts of aggravated identity theft, *see id.* §§ 1028A(a)(l), (c)(4). Alexander had acquired another individual's driver's license and social security card, and had possessed more than a dozen fraudulent credit cards with that individual's name embossed on them. Those credit cards were embedded with bank account information belonging to other individuals. The district court sentenced Alexander principally to 64 months' imprisonment, at the high end of his guidelines range, imposing the two-year sentences on each aggravated identity theft conviction consecutively to one another and to the concurrent 16-month sentences on the access card fraud convictions. Alexander appeals pro se.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

1. **Double Jeopardy**

Alexander argues that his convictions for access card fraud and aggravated identity theft violate the Double Jeopardy Clause because they relied on the same facts--his use of a credit card belonging to another person. We review a double jeopardy challenge de novo. *See United States v. Basciano*, 599 F.3d 184, 196 (2d Cir. 2010). In assessing such a claim, a court must determine whether "each offense contains an element not contained in the other," *United States v. Dixon*, 509 U.S. 688, 696 (1993), and the focus is on the statutory elements, rather than on the facts used to establish them, *Basciano*, 599 F.3d at 198. The statutes at issue require proof of different elements. Section 1029(a)(1) requires, inter alia, knowing use of a counterfeit access card, while section 1028A requires, inter alia, knowing possession of a means of identification of another person. Alexander's knowing use of a fraudulent credit card embedded with another person's identity satisfied the elements of both crimes; but because those elements are distinct, his convictions do not violate the Double Jeopardy Clause.

2. **Cumulative Errors Denying Alexander a Fair Trial**

Alexander argues that he was denied a fair trial based on the cumulative effect of the indictment's insufficiency, evidentiary errors, ineffective assistance of counsel, and his being shackled at trial without a finding of necessity.

Review of the indictment reveals it was sufficient; Alexander advances no specific arguments about counsel's ineffectiveness; and the district court did not err in its evidentiary

---

[1] Alexander moved to relieve his court-appointed counsel and to represent himself on this appeal, which motion we granted on April 27, 2017.

rulings. However, Alexander correctly asserts that he was tried in shackles without a requisite finding of necessity. Because he did not object below, review is for plain error. *See United States v. Cassesse*, 685 F.3d 186, 188 (2d Cir. 2012).

"[A] defendant may not be tried in shackles unless the trial judge finds on the record that it is necessary to use such a restraint as a last resort to satisfy a compelling interest such as preserving the safety of persons in the courtroom," and shackling is appropriate "'only in the presence of a special need.'" *United States v. Haynes*, 729 F.3d 178, 188 (2d Cir. 2013) (quoting *Deck v. Missouri*, 544 U.S. 622, 626 (2005)). Under *Deck*, when a court orders a defendant to wear shackles that will be visible to the jury, the shackling is presumptively prejudicial. *Deck*, 544 U.S. at 635; *see also Haynes*, 729 F.3d at 189.

Here, no finding of necessity was made on the record. And although the district court endeavored to prevent the jury from seeing Alexander wearing shackles, it is unclear whether these efforts were entirely successful. However, even assuming this satisfies the first two requirements of plain error, Alexander fails to satisfy the final two. *See United States vs. Marcus*, 560 U.S. 258, 262 (2010) (stating that a plain error is (1) an error, (2) that is "clear or obvious," (3) that affects "substantial rights," and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings" (internal quotation marks omitted)). Given the overwhelming evidence presented against him, Alexander fails to demonstrate that the outcome of the proceedings was affected by the shackling without the requisite finding or by the jury's possible observation of the restraints. *See United States v. Boyland*, 862 F.3d 279, 288–89 (2d Cir. 2017) (explaining that plain error requires, inter alia, that "the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'" (quoting *Marcus*, 560 U.S. at 262)). Nevertheless, it bears emphasizing that a finding of necessity is required before shackling a defendant at trial. *See Haynes*, 729 F.3d at 190.

### 3. Sentence

Alexander challenges his sentence as unreasonable, arguing that the district court erred by imposing his sentences under § 1028A consecutively to each other and to his convictions under § 1029. He further contends that the district court did not appropriately weigh the 18 U.S.C. § 3553(a) factors, giving them only a "passing mention." Appellant's Br. 60. Finally, he argues that the district court failed to consider the 18 U.S.C. § 3584 factors in applying U.S.S.G. § 5G1.3. Because Alexander did not object below, review is for plain error. *United States v. Chibuko*, 744 F.3d 259, 262 (2d Cir. 2014).

Section 1028A provides for a mandatory two-year sentence that must run consecutively to any other sentence unless the other sentence is also for a violation of § 1028A, in which case, the district court may exercise discretion in deciding whether to impose consecutive or concurrent sentences. 18 U.S.C. § 1028A; *Chibuko*, 744 F.3d at 262 ("If a defendant is convicted of more than one offense under § 1028A, the only sentencing decision the court makes is whether the

sentences for multiple § 1028A offenses will run concurrently with each other."). In making this decision, a court must consider (1) the nature and seriousness of the underlying offenses; (2) whether the underlying offenses are groupable under § 3D1.2, in which case the § 1028A sentences should run consecutively; and (3) whether the § 3553(a)(2) factors are better achieved by concurrent or consecutive sentences. *Chibuko*, 744 F.3d at 262 (citing U.S.S.G. § 5G1.2).

Here, the district court began by specifically referencing the three factors listed in § 5G1.2. The district court discussed groupability, although it declined to impose the counts concurrently. *Chibuko*, 744 F.3d at 264 ("Even though the crimes underlying those counts were groupable, it remained within the district court's discretion to determine whether the 'general[ ]' rule should not apply based either on a factor spelled out in Application Note 2(B) or, given the expressly non-exhaustive nature of Note 2(B), some other factor." (alteration in original)). The court considered the seriousness of the underlying offenses--specifically, that Alexander committed the offenses at multiple locations, that he assumed someone else's identity, and that he repeatedly gave the police a false identity. The court also noted there were at least 15 victims. Thus, the record reflects that the district court did not "ignore factors Congress ha[d] instructed it to consider," and Alexander's contention that the district court wrongly imposed consecutive sentences is without merit. *Id.* at 263.

Nor was Alexander's sentence procedurally or substantively unreasonable based on the district court's treatment of the § 3553(a) factors. Our review for reasonableness is akin to a "'deferential abuse-of-discretion standard.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We identify no such abuse here. At sentencing, the district court stated that it had reviewed the PSR, the parties' sentencing submissions, and the § 3553(a) factors; it listed the factors it considered when imposing the sentence; and it imposed a sentence within the Guidelines range. *See United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." (internal quotation makrs omitted)) (per curiam).

Finally, Alexander argues that the district court abused its discretion under § 5G1.3 by imposing his term of imprisonment to run consecutively with any sentence on his parole violation. The argument is without merit. First, under § 5G1.3, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d). Section 3584 provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently," and that the court should consider the § 3553(a) factors in making the determination. 18 U.S.C. § 3584(a)–(b). Here, the district court stated that it considered the parole violation a "separate and distinct" matter. App'x at 490. As recounted above, the court discussed the factors that influenced its sentencing decision. Accordingly, the record does not suggest that the district court failed to consider its discretion to sentence Alexander consecutively to any pending parole violation, nor did the court fail to explain its reasoning.

4

We have considered all of Alexander's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5