**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1909
_____

UNITED STATES OF AMERICA

v.

BRIAN MIZWA
　　　　　Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2-06-cr-00374-001)
District Judge: Hon. Mark R. Hornak
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 05, 2018
_____

Before: McKEE, AMBRO, and RESTREPO, *Circuit Judges.*

(Opinion filed: January 31, 2019)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge.*

Brian Mizwa appeals the District Court's judgment sentencing him to 27 months' imprisonment and a 60 month term of supervised release for violating conditions of his supervised release. Mizwa argues that the District Court failed to subtract the terms of imprisonment imposed on him upon revocation of supervised release in violation 18 U.S.C. § 3583(h). He further contends that the sentence of 27 months' imprisonment is substantively unreasonable because the District Court gave undue weight to the seriousness of the conduct underlying the violations. For the reasons that follow, we reject both arguments. However, we ultimately vacate the District Court's sentencing order, which imposes four concurrent sentences, and remand the case for imposition of a single sentence.

## I.[1]

On March 9, 2007, Mizwa pled guilty to violating 18 U.S.C. § 2422(b) for coercion and enticement of a minor to engage in sexual activity. Mizwa faced a maximum penalty of 30 years' imprisonment and a maximum supervised release term of life. He was sentenced to the statutory minimum term of 60 months' imprisonment followed by 60 months of supervised release. Additionally, the District Court imposed a number of special conditions of supervision typically applied to child sex offenders. In an earlier appeal, we affirmed the imposition of those conditions.[2]

---

[1] The District Court had subject-matter jurisdiction over the case pursuant to 18 U.S.C. § 3583(e). We have appellate jurisdiction to review the District Court's final sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[2] *United States v. Mizwa*, 345 F.App'x 834, 837 (3d Cir. 2009).

2

This appeal arises out of Mizwa's third violation of supervised release. After the first violation, the District Court sentenced Mizwa to time served, which amounted to 7 months, followed by three years' supervised release, and reimposed the same conditions. Mizwa then violated four conditions of his supervised release and the District Court sentenced him to 15 months' imprisonment, which was outside the Sentencing Guidelines range of 3 to 9 months. Thereafter, we affirmed and held that the District Court's sentence was not substantively unreasonable.[3]

We first consider Mizwa's contention that the District Court erred in imposing a 60 month term of post-revocation supervision under 18 U.S.C. § 3583(h). According to Mizwa, the final clause of § 3583(h) required the District Court to subtract the 49 months of imprisonment cumulatively imposed upon revocations of supervised release from the original 60 month term of supervised release imposed for the underlying offense.[4] Thus, Mizwa argues the maximum term he should receive is 11 months of supervised release. As Mizwa concedes, he never raised this issue in the District Court;[5] therefore, it is not preserved for appeal.

Unpreserved statutory interpretation issues are reviewed for plain error when they

---

[3] *United States v. Mizwa*, 574 F.App'x 220, 224 (3d Cir. 2014).

[4] Appellant Supp. Br. 11–13 (citing 18 U.S.C. § 3583(h)) ("The length of such a term of supervised release after imprisonment shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, *less any term of imprisonment that was imposed upon revocation of supervised release*.") (emphasis added).

[5] *Id.* at 2, 12.

are raised for the first time on appeal.[6] "The plain error standard of review asks whether 'the District Court plainly erred in such a way as to affect the appellant's substantial rights.'"[7] Therefore, the burden is on Mizwa to demonstrate that: (1) there was an error; (2) the error was clear or obvious, rather than subject to reasonable dispute; (3) the error affected his substantial rights; and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings.[8]

Mizwa contends the District Court's error was clear or obvious because, in his view, 18 U.S.C. § 3583(h) required that his subsequent term of supervised release be subtracted from the initial 60 month term of supervised release he received at sentencing, not from the statutory maximum he faced for the underlying offense. To the contrary, § 3583(h) explicitly states the "supervised release shall not exceed the term of supervised release *authorized by statute for the offense that resulted in the original term of supervised release*."[9] It is clear that supervised release shall not exceed the statutory maximum.[10] Here, the supervised release authorized by statute for the underlying offense was life. Thus, Mizwa has failed to demonstrate that the District Court clearly erred in sentencing him for the violation of the terms of supervised release.

Because we do not find that the District Court's imposition of a 60 month term of

---

[6] *United States v. Bansal*, 663 F.3d 634, 643 (3d Cir. 2011) (applying plain error review to an unpreserved statutory interpretation issue).

[7] *Id.* at 645 (quoting *United States v. Albertson*, 645 F.3d 191, 196 (3d Cir. 2011).

[8] *Puckett v. United States*, 556 U.S. 129, 135 (2009).

[9] 18 U.S.C. § 3583(h) (emphasis added).

[10] *See id.*

4

supervised release constituted plain error, we need not make any additional inquiry.[11]

## II.

Next, Mizwa argues that the District Court's sentence of 27 months' imprisonment was substantively unreasonable and constituted an abuse of its discretion. According to Mizwa, the Court gave "undue weight" to the seriousness of his supervised release violations.

While the Sentencing Guidelines recommend a 4 to 10 month sentence, given Mizwa's conduct and criminal history, the District Court was authorized by statute to impose a sentence of up to 3 years.[12] Thus, its sentence of 27 months "lie[s] within the permissible statutory range."[13] "If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness."[14]

A sentence imposed upon a revocation of supervised release is reviewed "for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a)."[15] "Substantive reasonableness inquires into whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors."[16] Pursuant to § 3583(e), the relevant factors a court must consider

---

[11] *See United States v. Cassesse*, 685 F.3d 186 (2d Cir. 2012) (reasoning that the § 3583(h) subtraction principle is not applicable to defendants who are eligible for lifetime supervision); *but see United States v. Shorty*, 159 F.3d 312, 316 (7th Cir. 1998) (suggesting that the subtraction clause of § 3583(h) applies to defendants who are eligible for lifetime supervision).

[12] 18 U.S.C. § 3583(e)(3).

[13] *United States v. Young*, 634 F.3d 233, 238 (3d Cir. 2011).

[14] *Gall v. United States*, 552 U.S. 38, 51 (2007).

[15] *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007).

[16] *Young*, 634 F.3d at 238 (internal quotations omitted).

are set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). These factors include the nature of the offense, the defendant's history, and the need to deter criminal conduct, to name a few.[17]

Mizwa contends § 3553(a)(2)(A)—the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"[18]—"is not an enumerated purpose of revocation sentencing. [Instead, it] is generally referred to as the punitive purpose of sentencing."[19]

We reject Mizwa's argument that the District Court gave "undue weight" to the seriousness of his violations. Initially, we note that in *Young* we established that "a court is not prohibited from considering the § 3553(a)(2)(A) factors in the supervised release revocation context."[20] Furthermore, Mizwa does not argue that his sentence was procedurally unreasonable, only that is was substantively unreasonable. Once it is determined that "the [D]istrict [C]ourt's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on [this] particular defendant for the reasons the [D]istrict [C]ourt provided."[21]

The District Court's decision to weigh the seriousness of Mizwa's violations more than he "contends they deserve does not render [his] sentence unreasonable."[22] Rather,

---

[17] 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(C).
[18] *Id.* at (a)(2)(A).
[19] Appellant Br. 20.
[20] 634 F.3d at 234.
[21] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009); *see also Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").
[22] *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007).

the Court was very understandably and very appropriately concerned that this was "the third time" Mizwa had violated his supervised release, that his current violations were "quite similar to the ones that caused [his] supervised release to be [previously] revoked," that he had proven that he could not "abide by and be trusted by the judicial system," and that he was "a dangerous guy."[23]  The sentence was, therefore, "premised upon appropriate and judicious consideration of the relevant factors" the Court was required and permitted to consider.[24]

### III.

Lastly, Mizwa contends that, at the very least, this Court should amend the Judgment "to reflect the [D]istrict [C]ourt's oral ruling that it was imposing a *single sentence* for all of the violations that have occurred here."[25]  Unlike the oral ruling, the written Judgment refers to *concurrent terms* as to each violation.[26]  "The Supreme Court has stated that it 'attribute[s] postrevocation penalties to the original conviction.'"[27]  Moreover, 18 U.S.C. § 3583(a) provides that supervised release is "a part of the sentence."[28]  "When read as such, a revocation sentence should be seen as part of the

---

[23] App. 373–75.

[24] *Young*, 634 F.3d at 238. ("We now confront directly the question of whether consideration of the § 3553(a)(2)(A) factors in the revocation context is prohibited, and join the Courts of Appeals for the Second and Sixth Circuits in holding that a district court does not commit procedural error in taking into account those factors when imposing a sentence for the violation of supervised release.") *Id.* at 238–39.

[25] Appellant's Supp. Br. 26 n.4; App. 376 (emphasis added).

[26] App. 6, 7.

[27] *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006) (quoting *Johnson v. United States*, 529 U.S. 694, 701 (2000)).

[28] 18 U.S.C. § 3583(a).

7

initial sentence, even when the same act triggers multiple revocations."[29] It follows that a defendant convicted of multiple offenses can receive multiple revocation sentences corresponding to those convictions.[30] However, a defendant convicted of a single offense can only receive a single revocation sentence.

While Mizwa violated four conditions of his supervised release, his original conviction derived from one count. Therefore, there is only one term of supervised release to revoke and he should only receive a single sentence for the violation.

## IV.

For the foregoing reasons, we will vacate the District Court's imposition of four concurrent sentences and remand for imposition of a single sentence consistent with this opinion.

---

[29] *Dees*, 467 F.3d at 853 (citing *United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995)) ("[I]t is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of his release.").
[30] *See id.*