*United States v. Booth*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-three.

PRESENT:
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
> > *Circuit Judges*,
>
> **JESSICA G. L. CLARKE,**
> > *District Judge.*[*]

_____

United States of America,

> *Appellee*,

> v.                                                        **22-1522**

Ronnell Booth,

> *Defendant-Appellant*.

_____

FOR APPELLEE: 　　　　　　　KEVIN T. SULLIVAN (Kimberly J. Ravener and David Abramowicz, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

_____

[*] Judge Jessica G. L. Clarke, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:** COLLEEN P. CASSIDY, Federal Defenders of New York Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ronnell Booth pleaded guilty to a violation of supervised release for committing harassment in the second degree in violation of N.Y.P.L. § 240.26(1). The district court (Engelmayer, *J.*) imposed a revocation sentence of 11 months' imprisonment followed by 14 months of supervised release. Booth appeals, claiming that his sentence was both procedurally and substantively unreasonable. He argues that the district court (1) based its sentence on dismissed allegations and (2) disregarded Booth's 20-month rehabilitative progress, instead relying on an unproven "threat" to conclude that he still presented a danger.[1] We assume the parties' familiarity with the facts, the procedural posture, and the issues on appeal.

**I.    Procedural Reasonableness**

Booth argues that the district court erred in relying on dismissed allegations when determining the seriousness of his violation and the court's ultimate sentencing decision. Booth did not make that argument in the district court, so we review for plain error. *See* Fed. R. Crim.

---

[1] **Error! Main Document Only.**We note that Booth has already completed his term of imprisonment, so that even if we agreed with his arguments, we can no longer offer him any effective relief from his sentence of imprisonment. That does not render his appeal moot, however. "[A]n appeal challenging a criminal sentence will not be rendered moot when the defendant is released from prison so long as the defendant is still subject to a term of supervision," at least where "[a]rguments for a shorter overall sentence could potentially cause the district court to reduce a defendant's term of supervision." *United States v. Chestnut*, 989 F.3d 222, 224 (2d Cir. 2021).

P. 52(b); *see also United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (noting that plain error requires showing that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.").

First, the district court found, and Booth admitted, that he "la[id] hands on a woman . . . without her consent." App'x at A-154. The district court explained that non-consensual touching and restraint of a woman in a domestic violence situation is "gravely serious." *Id*. Second, the district court had authorized Booth to resume contact with the victim, after a period of time during which such contact had been prohibited as a protective measure, such that any offense against the same victim, particularly in the context of prior instances of domestic violence, breached the trust that the court had placed in him. *Id*. at 154-55. Third, Booth's conduct was particularly serious in light of his history of committing acts of domestic violence while on supervised release. *Id*. at 155. The district court thus sufficiently explained the seriousness of Booth's violation. *See also United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012) (noting that "Section 3553(c) requires no specific formulas or incantations; rather, the length and detail required of a district court's explanation varies according to the circumstances").

The district court also made explicitly clear that it was not "resolving the parties' factual disputes" or "assuming or finding the disputed facts to be in the government's favor," and instead was "treating the assaultive conduct as limited to Mr. Booth's un-consented to laying hands on Ms. Rivera in his restraint of her." App'x at A-154. The district court noted that if the disputed allegations had been proven, an above-Guidelines sentence would have been appropriate. *See id*.

3

at A-157.  Booth cannot demonstrate error, let alone plain error, in the district court's sentencing. The sentence was procedurally reasonable.

**II.      Substantive Reasonableness**

Booth also argues that the district court failed to consider his 20-month rehabilitative progress since the violation.  He argues that the district court improperly relied on a phone call from Booth to his then-girlfriend to conclude that he still presented a risk.  This argument is meritless.  The district court expressly considered Booth's 20 months of rehabilitative progress, acknowledging Booth's efforts and the support of his family.  *See* App'x at A-156.  The district court also determined that the phone call was in fact threatening because Booth's words "cultivated the fear that something would happen."  *Id*.  The district court also noted "Booth's track record of recidivism in the area of domestic violence."  *See id*.  The district court thus did not abuse its discretion in assessing mitigating and aggravating factors relevant to Booth's sentencing.  *See United States v. Broxmeyer*, 699 F.3d 265, 289 (2d. Cir. 2012) ("The particular weight to be afforded aggravating or mitigating factors is a matter firmly committed to the discretion of the sentencing judge.") (internal quotation marks and citation omitted).

Given the "particularly deferential" nature of our review, we determine the district court's sentence to be substantively reasonable.  *United States v. Aldeen*, 792 F.3d 247, 255 (2d Cir. 2015) ("We will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice.") (internal quotation

4

marks and citations omitted).   Booth's within-Guidelines sentence cannot credibly be said to "shock the conscience."   We thus reject Booth's claim of substantive unreasonableness.

We have considered all of Booth's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court